## McDONALD v. CITY OF TROY.

*(Supreme Court, General Term, Third Department. February 18, 1891.)*

1. MUNICIPAL CORPORATIONS—PERSONAL INJURIES—PRESENTING CLAIM.
    When a city charter requires that all claims against the city for personal injuries shall be presented to the comptroller, it is sufficient if the original claim is offered to the comptroller, and, with his consent, a copy left with him.

2. SAME—NEGLIGENCE—OBSTRUCTION OF STREET.
    In an action against a city for personal injuries sustained by driving at night against building material lawfully piled in the street, it is for the jury to say whether the absence of a guard, or any other lights than the street-lamps, was negligence on the part of the city.

3. SAME—INSTRUCTIONS.
    In such an action, an instruction for defendant that a verdict for it on the ground of plaintiff's failure to present his claim to the comptroller will not prevent plaintiff's bringing another action, is properly refused as immaterial.

Appeal from circuit court, Rensselaer county.

Action by James McDonald against the city of Troy, for personal injuries sustained by driving at night into a pile of building material left in the street. Judgment for plaintiff, and defendant appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*W. J. Roche*, for appellant.    *H. A. King*, for respondent.

LANDON, J. Objection is taken that the plaintiff did not present his claim to the comptroller of the city pursuant to the requirements of the charter. Chapter 129, Laws 1872, tit. 6, § 10. The attorney for the plaintiff prepared the original claim, and presented a copy of it to the comptroller, at the same time stating that he had the original with him, and partly exhibiting it to the comptroller, and asking him if that was all he wanted, to which the comptroller replied, "Yes." This was a substantial compliance with the terms of the charter. The original was not withheld. The comptroller clearly could have had it if he had needed it. As was said in *Magee* v. *City of Troy*, 1 N. Y. Supp. 24, affirmed, 119 N. Y. 640, 23 N. E. Rep. 1148, "the comptroller thus obtained the notice the law contemplates."

The plaintiff was injured by being thrown from his buggy. While riding at night along North Second street, his horse was suddenly stopped by coming in contact with a pile of lumber lying upon the side of the street, and the plaintiff was thrown out. This lumber had been placed there for building purposes by the owner of an abutting lot. The deposit of lumber was temporary, and for a reasonable purpose, and was therefore permissible. *Callanan* v. *Gilman*, 107 N. Y. 360, 14 N. E. Rep. 264. But in such case reasonable care should be taken to protect the traveler, using the street, from receiving any injury from it. The pile was not guarded, and was not lighted, except by the ordinary street-lamps. Whether the absence of any guard or any other light was negligence was a question for the jury. The question of the plaintiff's contributory negligence was also for the jury. The pile of lumber had been lying upon the street sufficiently long to justify the jury in finding that the city had notice. *Magee* v. *City of Troy, supra.*

v.13 N.Y.s. no.3—2 5

· The counsel for the defendant requested the court to charge the jury that, if they found for the defendant upon the ground that the claim was not presented to the comptroller, the plaintiff would not be barred by the provision of the charter or any statute of limitation from maintaining a new action. This was declined, and we think properly, upon the ground that the question presented was not material to the proper decision of this case, and the court was not obliged to pass upon questions supposed to arise in an hypothetical case. All concur.