AGNES SHEEHY, Plaintiff, *v.* THE CITY OF NEW YORK, Defendant.

*Notice before suit against the city of New York — form of notice required — waiver.*

A notice that a party "claims and demands from the mayor, aldermen and commonalty of the city of New York five thousand dollars damages for personal injuries sustained by her by falling upon the sidewalk," followed by a description of the place and of its defective condition, and addressed to the comptroller, and also to the counsel for the corporation, does not comply with the provisions of section 1 of chapter 572 of the Laws of 1886, in that it does not state the claimant's intention to commence an action, which is necessary in the form of notice required by that act to be served upon the corporation counsel.

The law does not give to the corporation counsel, or to his clerk, the right to waive the filing of this notice, or to construe an insufficient paper as a sufficient notice under the statute.

BARRETT and INGRAHAM, JJ., dissented.

29 263
42 265
43 382
160a 139
29 263
e55 426

MOTION by the plaintiff, Agnes Sheehy, for a new trial upon a case containing exceptions, ordered to be heard at the Appellate Division in the first instance, upon the dismissal of her complaint by direction of the court after a trial at the New York Trial Term.

*David McClure,* for the appellant.

*Theodore Connoly,* for the respondent.

RUMSEY, J.:

Mrs. Sheehy brought this action to recover for personal injuries which she claimed to have received by falling into a hole in the sidewalk upon a street in the city of New York, alleging that the hole constituted a serious defect and that it was permitted to exist because of the negligence of the defendant. Her complaint contained the usual allegations in such cases, and also set forth that, before the action was begun, the claim upon which it was founded was presented to the comptroller for adjustment, but that he paid no attention to it and no part of it had been paid. It contained a further allegation that before the action was begun notice of an intention to begin the action and of the time and place at which the injuries were received had been filed with the corporation counsel. Upon the trial, after giving evidence as to her injuries and the defect which she claimed to have existed in the sidewalk, the plaintiff swore as a witness a clerk in the office of the corporation counsel who produced a book kept in that office in which notices of intention to sue are entered when the same have been filed. The heading of the page and the entry under it were as follows:

" NOTICES OF INTENTION TO COMMENCE ACTION.
            " Chapter 572, Laws of 1886.

" Nov. 10.     Agnes Sheehy,  R. E. J. O'Gor-          Sept. 22/94.
                            man, 49–51 Cham-
                            bers St.

" West side of          Personal injuries          $5,000 claimed.
Washington  Ave.,          caused by falling
   bet. 174th &          into  a  deep  hole
      175th  St.          in sidewalk." ·

This evidence was not received, and the plaintiff excepted to its rejection. The plaintiff then offered in evidence a paper produced by the corporation counsel, of which the following is a copy:

"In the Matter of the Claim of
        Agnes Shechy
            *against*
The Mayor, Aldermen and Commonalty
        of the City of New York.

" Gentlemen.— Please take notice that Agnes Sheehy claims and demands from the mayor, aldermen and commonalty of the city of New York five thousand dollars damages for personal injuries sustained by her by falling upon the sidewalk on the west side of Washington avenue, in the city of New York, between One Hundred and Seventy-fourth and One Hundred and Seventy-fifth streets, on the 22d day of September, 1894, there being at the time a deep hold* or depression in the sidewalk at that point, and the street gas lights not being lit.

" Dated New York, *November* 10*th*, 1894.

                " Respectfully yours,
                        " AGNES SHEEHY,
                                "*Claimant.*
                " R. E. & E. J. O'GORMAN,
                        "*Attorneys for Agnes Sheehy,*
                " 49 and 51 Chambers street, New York City.

" To Hon. Ashbel P. Fitch,
                " *Comptroller*, and
        " Hon. William H. Clark,
                " *Counsel to the Corporation.*"

This paper was read in evidence. The court ruled that this notice was not a compliance with the statute cited above, dismissed the complaint and ordered the exceptions on that ruling to be heard in the first instance in the Appellate Division.

Section 1 of chapter 572 of the Laws of 1886 provides that no action shall be maintained against the city of New York for dam-

*Sic.*

ages for personal injuries alleged to have been sustained by its neg-
ligence, unless it shall have been commenced within one year after
the cause of action shall have accrued, nor unless notice of the inten-
tion to begin the action and of the time and place at which the
injuries were received, shall have been filed with the counsel to the
corporation or other proper law officer thereof, within six months
after such cause of action shall have accrued. The single question
presented is, whether the notice quoted above was a compliance
with the provisions of this statute. The effect of the law is that no
cause of action exists until the notice required by this statute has
been filed. (*Curry* v. *City of Buffalo*, 135 N. Y. 368.) The
requirement of the statute is imperative. It cannot be waived by
any official, but it stands at the threshhold of the action as an essen-
tial condition to its maintenance; and unless that section has been
complied with, as it is required by the law, no right of action exists.
The entry in the book of the corporation counsel, which was offered
and rejected, showing the construction which the clerk who made
the entry put upon the notice, is a matter of no importance. As the
law does not give to the corporation counsel, or to a clerk in his office,
the right to waive the filing of this notice, it certainly does not give
to him the right to construe an insufficient paper as the notice
required by the statute; but in all cases the question is, whether the
notice, which is shown to have been filed, complies with the require-
ments imposed by the law. The entry in the book of the corpora-
tion counsel would be evidence that a notice had been filed; and if
the notice itself were not produced, such entry might be some evi-
dence of its contents; but when the paper itself is produced, its
sufficiency depends upon what is in it; and an insufficient notice is
not to be helped out because the corporation counsel or anybody
else has seen fit to accept something which does not comply with the
requirements of the statute. So we are brought to the considera-
tion of the paper itself. The complaint alleges the service of two
notices, one upon the comptroller, and one upon the corporation
counsel. The paper in question was evidently served upon each
officer, because it is directed to each one. The notice to the
comptroller is one provided for by section 123 of the Consoli-
dation Act (Chap. 410, Laws of 1882). That is simply the
presentation of the claim, giving the comptroller information

as to the manner in which the claim accrued, that he may, if necessary, take steps for its examination and adjustment. But that is not the notice required by the act of 1886 (*Babcock* v. *The Mayor*, 56 Hun, 196); and a notice to the comptroller is not a sufficient notice of an intention to sue, as was held in the case last cited. The difference between the two notices is this: The one served upon the comptroller need only state the fact of the claim, with the circumstances under which it accrued, so that he may proceed to adjust it. The one served upon the corporation counsel is to state, not only these facts, but the additional fact of an intention to commence an action; and in the requirement of a notice of intention to commence an action lies the distinction between the two notices. The Legislature has seen fit to provide expressly that in the notice to the corporation counsel should be stated, not only the time and place at which the injuries were received, but a notice of an intention to commence the action. One is just as essential as the other, and both are expressly required by the provisions of the statute. It has been held more than once that this statute is to be strictly construed. (*Foley* v. *The Mayor*, 1 App. Div. 586; *Missano* v. *The Mayor*, 17 id. 536; *Burford* v. *The Mayor*, 26 id. 225.) In the case last cited it was said that while the point may seem to be technical, yet it is of prime importance to the city that a compliance with the statute should be insisted upon. It is clear that this notice contains in words nothing which corresponds with the notice of an intention to commence an action. It is not claimed by the plaintiff that it does; but it is said that such an intention is fairly to be inferred because the notice contains information of the injuries and of the place, time and manner in which they were received, and because it is signed, not only by the claimant herself, but by her attorneys, and is addressed to the law officer of the corporation. But the law officer of the corporation is not the attorney for the corporation in the action of Sheehy against the city until that action has been begun by the service of a summons. While he is the attorney for the city, yet he does not stand towards it in the relation of an attorney in a pending action until the action has actually been begun. This paper is served upon him not because he represents the city as its attorney in this particular action, but because the statute requires the service to be made upon this particular official. When the serv-

ice is made, the question of its sufficiency does not depend upon the person upon whom the service is made, and a defect is not to be helped out because he is described as attorney, but the question is to be determined by what is in the notice served. It may well be that the corporation counsel had reason to believe, judging from his knowledge of the conditions, that this notice would be followed by the commencement of an action; but the statute does not make the liability of the city depend upon a conclusion or inference drawn by any official. The right to bring an action depends upon the service of a particular notice containing a particular statement; and that notice must be so framed that the facts appear by necessary statements or by necessary inference from what is stated, or else the notice does not comply with the statute. The inference of intention to begin an action is sought to be drawn from the facts which the law requires to be stated in addition to the fact of intention. Thus the requirement of a notice is expunged from the law, although the Legislature has especially directed it to be inserted in addition to the facts which are contained in this notice.

The requirements are clear and plain. The paper must *contain a notice of an intention to commence an action.* That particular thing is required by law. In each case the question presented is whether, looking at the notice, there is contained in it the statement required. It is not to be helped out by an inference from what is ordinarily done by men or by a suggestion that, unless such intention existed, the notice would have been served. The simple question is whether the notice itself contains the essential statement. To go outside of the paper itself and to permit that question to be determined by inferences not contained in it would be to add an element of uncertainty to each one of these cases, which is not required or permitted. There is nothing complicated or difficult about the requirements of the statute, and the only safe rule to be adopted in our judgment is that the notice must contain substantially the thing prescribed in the law, and an intention to sue, if it can be inferred at all, must arise necessarily from the words contained in the notice itself, and it cannot be inferred from the mere fact of serving an insufficient notice addressed to the corporation counsel.

For these reasons we think the exceptions should be overruled,

the motion for a new trial denied, and judgment ordered for the defendant upon the verdict.

VAN BRUNT, P. J., and McLAUGHLIN, J., concurred; BARRETT and INGRAHAM, JJ., dissented.

BARRETT, J. (dissenting) :

The notice here sufficiently expressed an " intention to commence action." It did not literally use these words, but it used words which, in their connection, conveyed the same meaning. It stated that Mrs. Sheehy claimed and demanded from the city $5,000 damages for personal injuries sustained by her falling upon one of its sidewalks. This notice was addressed to the law officer of the city and was signed by Mrs. Sheehy's attorneys. It imported, not a mere idle assertion of a claim, but an intention to pursue and recover it.

It was not addressed and delivered for the purpose of negotiation, but plainly with a view to litigation. As addressed to the fiscal officer of the city, it might be said to invoke settlement without suit. As addressed to the law officer, however, it imported a resort to the courts.

It is said that the statute requiring this notice should be strictly construed. Undoubtedly, in matters of substance. But it does not impose upon the injured party a mere technical and ironclad form as a prerequisite to the assertion of his rights. The essential thing is that the law officer of the city should be properly advised of a claim which is about to be litigated, in order that he may make an early and prompt investigation on the subject and be prepared for the impending suit. Here he was so advised. The plaintiff offered evidence tending to show that the language used in the notice actually conveyed to the corporation counsel her intention to sue. Had she been permitted to prove this, it would have appeared that the notice fully effected the statutory purpose. Can it be that such a notice is a non-compliance with the statute when it actually gives the information which the statute was enacted to require ? I cannot think it.

The corporation counsel here did not merely suspect or surmise the meaning of this notice. He inferred it and inferred it reasonably from the language used. That would clearly have been shown

if the proof offered by the plaintiff had not been rejected. There was, in truth, no other inference to be fairly drawn from this notice save that which, as the plaintiff offered to show, was actually drawn. The corporation counsel knew that the notice was not served upon him idly or gratuitously, but that it was served under the statute. There was but one statute requiring any notice *on the subject* to be filed with him. The present notice concededly embraced every other detail required by this statute. It spoke, therefore, of a notice *under the particular statute* as clearly as though it had read: Please take notice, *pursuant to chapter* 572 *of the Laws of* 1886, that Agnes Sheehy claims and demands, etc.

Having utilized this notice for its statutory purpose, having thus had the fullest opportunity to make the investigation and preparation which it called for, it seems to me that the city cannot now be heard to question it. And I cannot but think that it is a harsh and unjust conclusion to throw the plaintiff out of court upon a mere question of phraseology, and thus to deprive her of all opportunity of vindicating her rights.

The judgment should be reversed and a new trial ordered, with costs to abide event.

INGRAHAM, J., concurred.

Exceptions overruled, motion for new trial denied, and judgment ordered for defendant on the verdict, with costs.