puted questions of fact, which were decided by the jury in favor of the landlord, and there is nothing in record requiring a reversal of their verdict.

Order affirmed, with costs to the respondent. All concur.

---

(42 App. Div. 263.)

## McDONALD v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. July 1, 1899.)

1. MUNICIPAL CORPORATIONS—PRESENTATION OF CLAIMS AGAINST CITY—STATUTES.

Statutes requiring the presentation of claims against a municipality for a certain period before action shall be brought thereon are to be strictly construed, and substantial compliance therewith rigidly enforced.

2. SAME—ESTOPPEL OF OFFICER.

An officer to whom claims against a city are by statute required to be presented cannot be estopped by his actions from denying that the claim has been properly presented.

3. SAME—DELEGATION OF DUTIES.

Under Greater New York Charter, § 151, providing for an auditing bureau, which, under the supervision of the comptroller, shall audit all accounts in which the city is concerned, to be appointed or removed at the pleasure of the comptroller, the comptroller may designate the auditor of a borough to receive and audit all claims against the city arising in the borough which he represents.

4. SAME.

Where an auditor of a borough is authorized to receive and audit claims against the city arising in his borough, and forward them to the comptroller, the fact that he failed to forward a claim properly presented to him is no defense to an action thereon.

5. SAME.

Greater New York Charter, § 1583, relating to salaries of officers and county charges, and providing for the proper apportionment of the same by the board of estimate and apportionment, does not require that a claim for services in examining the mental condition of one charged with crime should be presented to such board.

Appeal from special term, Richmond county.

Action by Carlos F. McDonald against the city of New York. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

William J. Carr (Samuel H. Evins, on the brief), for appellant.

George M. Pinney, Jr. (Warren C. Van Slyke, on the brief), for respondent.

HATCH, J. By this action liability is sought to be enforced against the city of New York for a claim arising for services rendered by the plaintiff in making an examination of the mental condition of Bailer Decker, a person indicted for murder in the first degree, and reporting the results of such examination to the district attorney of the county of Richmond. The rendition of the service is not questioned, and the value thereof is not disputed. It is claimed, however, that the bill was never presented for payment to the comptroller of the city of New York, as required by the charter of such city, which

is a condition precedent to the maintenance of any action thereon. It is firmly settled by abundant adjudication that statutes requiring the presentation of claims against a municipality for a certain period before action shall be brought thereon are to be strictly construed, and substantial compliance therewith is rigidly enforced. Reining v. City of Buffalo, 102 N. Y. 308, 6 N. E. 792; Borst v. Town of Sharon, 24 App. Div. 599, 48 N. Y. Supp. 996. This duty being imposed upon the claimant, and the provision being to provide for an opportunity to examine claims, pass upon the amount, and determine the justice of the same by the officer to whom the claim is required to be presented, compliance therewith may not be waived by such officer. Sheehy v. City of New York, 29 App. Div. 263, 51 N. Y. Supp. 519. The provision of the Greater New York charter in this respect requires the presentation of claims 30 days before action can be brought thereon. Laws 1897, c. 378, § 261. The complaint avers the presentation of the claim to the proper officer, and that more than 30 days have elapsed since such presentation, and that the same has not been paid. It therefore states a cause of action in this respect. It is found by the court, and such is the evidence, that in fact the claim was presented to the comptroller by delivering to and leaving the same with Walter H. Holt, as the comptroller's representative. The evidence established that Holt had been duly appointed auditor for the borough of Richmond, where he kept an office and books, as directed by the comptroller; that the course of business was for Holt to receive claims, stamp thereon, "Department of Finance, Borough of Richmond, received ———, 1898, Comptroller's Office," and that he so received and stamped the present bill November 7, 1898, which was more than 30 days prior to the commencement of the action. Books in all respects like the book which the auditor kept were also kept in the office of the comptroller. If a bill against the borough of Richmond was presented at the main office of the comptroller in the borough of Manhattan, it would be sent to the auditor of the borough of Richmond, examined by him, and transmitted back to the main office; and then, if allowed, a warrant for its payment would be sent to the auditor for delivery to the claimant. Bills presented in the first instance to the auditor were sent by him, after audit, to the comptroller. It is therefore evident that by the custom in the comptroller's office it was expected that a bill from this borough would be first passed upon by the auditor, and be by him sent to the comptroller. This was for the obvious purpose of having the auditor of the borough where the claim arose first pass upon the merits of the bill, undoubtedly for the reason that it was expected he would know better about the justness of the claim. It was in evidence that the comptroller, when approached upon this subject, before the present claim arose, stated that the proper place to file claims arising in this borough was with the auditor. It also appears that about 6,000 claims, amounting to many thousands of dollars, passed through the auditor's office for the borough of Richmond, and were paid, during the year prior to the filing of the present claim. If the comptroller were a private individual, it is clear that he would be held estopped from denying that the claim was not properly presented by reason of the course of business adopted. The claim,

however, is that the comptroller is in this respect governed solely by the statute, and that the claimant is subject to the same rule; that by virtue of its provisions the claim must be filed with him. It is quite evident that the most strict construction of the statute would not require an absolute personal delivery to the comptroller. The onerous and multifarious duties devolved upon the comptroller of this great municipality exclude such construction, and, as the act of receiving and filing a claim is a purely ministerial act, the comptroller could appoint a clerk or clerks for such purpose. This seems to be admitted by appellant. But it is asserted that he could not appoint an auditor of a borough to perform such duty. Certainly it would not be denied that the comptroller could not designate the auditors, or any one of them, in the main office of the comptroller, to receive and file such claims, or appoint any other person for such purpose. If the office or place for the transaction of the business of the comptroller became too small, we doubt not but that he might open another office, as the public necessity required, and designate a person in such office to receive and file claims as presented. It is evident that such duty is a mere clerical duty, and, in the orderly conduct of public business, must be devolved upon some clerical employé. There is no more reason why the auditors of the respective boroughs should not be designated to receive claims for the borough they represent than there is of devolving such duty upon an auditor in the main office. Their office is the office of the comptroller for all of the purposes for which they are appointed, and for such service as the comptroller may properly devolve upon them. If it was true, as claimed by the learned corporation counsel, that the authority conferred by section 151 of the Greater New York charter upon the auditors was limited to the audit arising from local improvements, we should still be of opinion that the comptroller could also appoint such auditor, and vest him with authority to receive claims arising in such borough, and transmit them to the main office. But we think that this provision fully contemplated that the duties should be more general, and is broad enough to embrace such claims as the present. The language of this section reads: "(4) An auditing bureau, which under the supervision of the comptroller shall audit, revise and settle all accounts in which the city is concerned as debtor or creditor, and the chief officers whereof shall be called auditors of accounts, to be appointed or removed, as shall be also deputy auditors, at the pleasure of the comptroller." Certainly, the auditing of local claims arising in ordinary course is of the same character of duty as the auditing of claims for local improvements, and, in our judgment, such duty was intended by the framers of the charter to be devolved upon such auditors, subject to supervision by the comptroller; and such claims, when filed with the auditor, were, within the meaning of the section requiring presentation, filed with the comptroller of the city. It is no answer to say that the auditor in the present case placed the claim in a pigeon hole, and did not transmit it to the comptroller until after the lapse of 30 days. Such act may furnish good ground for the removal of the auditor, but it cannot defeat the legal right of the claimant. It is further claimed that the audit of this bill is imposed upon the board

of estimate and apportionment by virtue of the provision of section 1583 of the charter. We think that this construction cannot be upheld. It is evident that the provisions of the charter contemplate a scheme whereby the board of estimate and apportionment shall annually, in connection with other persons, determine the expenses of the city government of any character. Section 226. Other provisions of the charter, numerous in number, lay the duty upon such board of providing for the expenses of the departments and for particular purposes. But it was evidently not contemplated that this board should be the auditing body to pass upon current bills as presented. Such duty is devolved upon the comptroller. Charter, § 249. Section 1583 relates to the salaries of officers and county charges, and provides for the proper apportionment of the same. But we do not find in it, or in the amendment of 1899, any intention to make it the auditing body for current expenses, or to take from the comptroller such power. But, if it were otherwise, the present claim would not be defeated. It is still the duty of the city to pay proper claims, whoever may be the auditing body; and, if such claim be not paid after the lapse of 30 days after presentation, a right of action accrues in favor of the claimant. This condition has been complied with by the present plaintiff, and his action was properly brought. The judgment should therefore be affirmed.

Judgment affirmed, with costs. All concur.