### RUPRECHT v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. · March 3, 1905.)

ACTION AGAINST CITY—NOTICE OF CLAIM.

The observance of the provisions of Greater New York Charter, § 149 (Laws 1901, p. 50, c. 466), in presenting a bill for services to a deputy commissioner of a department who employed plaintiff, and by that officer approved and sent to the head of the department, and there approved and sent to the comptroller, who examined and rejected it, is not a suffi-

cient compliance with section 261 (p. 114), providing: "No action * * * shall be maintained against the city unless * *. * at least 30 days have elapsed since the demand * * * on which such action * * * is founded, was presented to the comptroller of said city for adjustment, who has neglected or refused to make an adjustment or payment thereof for 30 days after such presentment."

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action on account by Louis Ruprecht against the city of New York. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before BARTLETT, JENKS, HOOKER, RICH, and MILLER, JJ.

John A. Thompson, for appellant.
James D. Bell (John E. Walker, on the brief), for respondent.

JENKS, J. Section 261 of the Greater New York Charter (Laws 1901, p. 114, c. 466) makes a condition precedent to this action. I think that there was not compliance therewith, and the dismissal of the complaint was right. The section reads as follows:

"No action or special proceeding, for any cause whatever, shall be prosecuted or maintained against the city of New York, unless it shall appear by and as an allegation in the complaint or necessary moving papers that at least thirty days have elapsed since the demand, claim or claims upon which such action or special proceeding is founded were presented to the comptroller of said city for adjustment, and that he has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment."

The plaintiff was hired as an expert by the deputy commissioner of water supply, gas, and electricity. He submitted his bills to that officer, who approved them, prepared vouchers therefor, and sent them to the head of the department. The head also approved and transmitted the bills and vouchers to the comptroller, who examined the bills and refused to pay them. The plaintiff then brought this action. His contention of compliance with section 261 depends upon these facts alone.

The procedure followed by the officials was exclusively in obedience to the requirement of section 149 of the charter. And so the question is not whether an effort to observe section 261 resulted in a substantial compliance with section 261, but whether, incidental to the observance of section 149, there was such compliance with section 261. If the plaintiff is right, it is difficult to see the reason for the enactment of section 261, inasmuch as section 149 requires the submission of all bills and vouchers to the department of finance, for the transmission of a bill to the comptroller both implies that there is a demand or claim thereupon, and is notice thereof. The learned counsel for the appellant points out that section 261 does not prescribe that the claimant must present the claim or the demand, and insists that, as the purpose of the section is notice, so investigation may follow; that therefore the facts are sufficient to establish compliance. But I think the scheme of the statute is to afford such direct, distinct, and spe-

cific notice of the claim or demand that the comptroller may be apprised thereby that, if he does not act upon the claim within the prescribed period, litigation may follow. There is no general requirement that the city shall pay its bills within 30 days after presentation to the comptroller. The submission of a bill to him, under section 149, does not necessarily imply that legal proceedings will follow its nonpayment after 30 days, or, indeed, at any time. Legal action or proceeding against the city implies a claimant who will attack the city, and, although the statute is silent, I think it implies that a notice under it must emanate from the claimant or his agent. In the construction of a similar statute thus silent, this court in its First Division took a similar view (Missano v. Mayor, 17 App. Div. 536, 45 N. Y. Supp. 592), and although the judgment was reversed by the Court of Appeals, Gray, J., said:

"The statute neither prescribes a form of notice, nor by whom the notice shall be filed, and, while its proper construction might require that the notice be given by the party proposing to commence the action, its provisions are not so rigid as to invalidate the notice, if actually and seasonably received by the corporation counsel, because received by him from another official with whom it was mistakenly filed by the parties." Missano v. The Mayor, 160 N. Y. 133, 54 N. E. 746.

This excerpt is from the dissenting opinion of the learned judge, which, however, in this respect was accepted by the court. The corporation counsel under that statute was the officer to whom notice must be given. In numerous decisions the courts have held that, under varying circumstances, there has been a substantial compliance with similar statutes, but I am not aware of any case where the court has approved the notice unless it originally emanated from the prospective party or his agent. Such was the fact in Sheehy v. City of New York, 160 N. Y. 139, 54 N. E. 749; in McMahon v. Mayor, 1 App. Div. 321, 37 N. Y. Supp. 289; in Magee v. City of Troy, 48 Hun, 383, 1 N. Y. Supp. 24; in Enair v. City of Brooklyn (City Ct. Brook.) 5 N. Y. Supp. 835; and in McDonald v. City of Troy (Sup.) 13 N. Y. Supp. 385. I do not think that it can be said that the plaintiff, when he presented his bill to the deputy commissioner, constituted him his agent to present his claim to the comptroller as preliminary to a lawsuit. And, moreover, as I have said, the course of the deputy and of his chief was not taken with an eye to the provisions of section 261 at all, but merely in the usual course of the procedure prescribed by section 149.

The statute was not fulfilled by the facts that the comptroller had opportunity to examine the claim or actually did pass upon it. It was not presented to him under section 261 as a claim which must be paid or adjusted within 30 days under penalty of litigation, but was transmitted to him by a brother official for payment under section 149, and he received it and examined it pursuant to that section. Inasmuch as such procedure was required by section 149, he had no reason to suppose that it was in compliance with section 261. While I cannot assume that prospective litigation would affect his determination on the merits, I may assume

notice that, if the claim was not passed upon in 30 days, litigation would cause him to act within the 30 days, and that it would thus expedite action; 'for the chief auditor of the city testifies that the city receives 1,000 bills a day, and it might well be that mere ordinary and yet prompt dispatch of business in examination of these bills, properly done, could not dispose of every bill within 30 days after it was received in that department. If the contention of the plaintiff prevail, despite the protective provisions of section 261, mere omission to pass upon any bill approved by a city official for 30 days after its transmission to the comptroller is penalized by the right of the claimant to sue forthwith. MacDonald v. City of New York, 42 App. Div. 263, 59 N. Y. Supp. 16, cited by the appellant, is not in point. In that case the claim was presented by the claimant to the comptroller through his accredited representative, whose duty it was to transmit it to his chief, and it was held that this was a valid presentation.

I think that procedure under section 149, by a city officer who has approved a bill presented to his department, which results in transmission of the bill to the comptroller, is not a substantial compliance with section 261. Examination of the other questions is not now required.

The judgment should be affirmed.

Judgment of the Municipal Court affirmed, with costs. All concur, except HOOKER, J., not voting.