### MERWIN v. CITY OF UTICA.

(Supreme Court, Appellate Division, Fourth Department. March 29, 1916.)

1. MUNICIPAL CORPORATIONS ⟨Key⟩768(3)—STREETS—SIDEWALKS—INJURIES.

An irregularity of nearly four inches in the sidewalk, two sections of which were not on the same level, cannot be held a defect of so trivial a character that no recovery for injuries occasioned by reason of the defect could be had.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1624; Dec. Dig. ⟨Key⟩768(3).]

2. APPEAL AND ERROR ⟨Key⟩1002—REVIEW—FINDINGS OF JURY.

A verdict for plaintiff resolves all conflicts of evidence in his favor.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. ⟨Key⟩1002.]

3. MUNICIPAL CORPORATIONS ⟨Key⟩812(5)—NOTICE OF INJURIES—WAIVER OF NOTICE.

Under Second Class Cities Law (Consol. Laws, c. 53) § 244, providing that no action shall be maintained against a city for injuries to a person, sustained in consequence of defective streets, highways, or sidewalks, un-

til notice shall have been presented to the common council and served on the mayor within three months of the happening of the accident, and unless within the same time notice of intention to commence action shall have been served on the corporation counsel, the corporation counsel cannot waive service of the notice, having no such power by virtue of the relation of attorney and client and not being authorized to do so as a municipal officer.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1700; Dec. Dig. ☞812(5).]

4. MUNICIPAL CORPORATIONS ☞816(11)—INJURIES TO PERSONS ON STREETS—ACTIONS—PLEADING.

Under a complaint alleging due service of notice of claim for injuries caused by a defective sidewalk, recovery cannot be had on proof that the corporation counsel of the defendant city waived service of the notice.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1723; Dec. Dig. ☞816(11).]

5. MUNICIPAL CORPORATIONS ☞812(9)—INJURIES TO PERSONS ON STREETS—NOTICE.

In such case, as the section required service of written notice on the mayor and council, and as the expression "served" was used in connection with the notice to be presented to the corporation counsel, such notice must be in writing, and a mere oral statement of intention to sue, in a casual conversation, is insufficient.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1704; Dec. Dig. ☞812(9).]

Kruse, P. J., dissenting.

Appeal from Trial Term, Oneida County.

Action by Bessie Merwin against the City of Utica. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed, with costs.

Argued before KRUSE, P. J., and FOOTE, LAMBERT, and MERRELL, JJ.

August Merrill, of Utica, for appellant.
Charles T. Titus, of Utica, for respondent.

LAMBERT, J. Plaintiff sustained the injuries for which she has had judgment while walking southerly on Albany street, in the city of Utica, in the evening of March 25, 1913. Upon that occasion she caught her foot upon an irregularity of the sidewalk and was thrown to the ground. This irregularity was occasioned through a failure to have a concrete sidewalk laid at the same level that was a flagstone walk to which it joined. The difference in the level at the place of accident was some 3½ inches.

[1] The appeal presents, among other questions, that of the sufficiency of the evidence of negligence of the defendant. In this connection it is urged that the defect shown in the walk was of so slight and trivial a character as to be wholly insufficient to support a recovery. It is true that there have been many decisions of our courts denying recovery upon the trivial character of a defect in the street complained of, and in some of such, by actual measurement, the defect seems to have been even greater than in this case. Hamilton v. City of Buffalo, 173 N. Y. 72, 65 N. E. 944; Butler v. Village of Oxford,

186 N. Y. 444, 79 N. E. 712; Moroney v. City of New York, 117 App. Div. 843, 97 N. Y. Supp. 642, 103 N. Y. Supp. 1135. But, in this class of litigation, each case must stand upon its own particular facts; and it appearing in this action that the accident happened in the evening, when it was dark and rainy, and when the place of the accident was poorly lighted by reason of the failure of an electric light located near by, we are not justified in holding that the verdict is against the weight of the evidence upon the issue of the negligence of the defendant.

[2, 3] However, there are more serious questions involved. By section 244 of the Second Class Cities Law (Laws of 1909, c. 55; Consol. Laws, c. 53), the plaintiff was required to present to the common council and serve upon the mayor or city clerk a written notice of the claim within three months from the time of the happening of the accident, and likewise and within the same time to serve upon the corporation counsel a notice of intention to commence action upon the claim. There seems to be no dispute but that the appropriate notice was given the common council and the mayor. There never was any attempt to serve a written notice upon the corporation counsel.

The original complaint in this action was silent, in its allegations, as to service of notice upon the corporation counsel. Later the corporation counsel directed the attention of plaintiff's attorneys to the defect in the complaint in that particular, and an amended complaint was served, alleging specifically the service of such a notice upon the corporation counsel. Upon the trial, no effort was made to prove the service of such a notice, and it seems to have been then substantially conceded that none was served. The efforts of the plaintiff, as to that phase of the case, were directed to showing an express waiver, by the corporation counsel, of the service of such a notice. All plaintiff's evidence in that particular was received over the objection and exception of the defendant, and by appropriate motions and exceptions at the close of the plaintiff's case, and again at the close of all the evidence, the defendant has carefully preserved this question.

The jury verdict must be construed as a finding, upon conflicting evidence, of an attempt upon the part of the corporation counsel to waive the service of the notice upon him, and, so far as the proofs are concerned, if the corporation counsel had power to make that waiver in behalf of the defendant, then the verdict must stand. So far as is disclosed by a somewhat extensive examination by court and counsel, the Court of Appeals has not passed directly upon the question of the power of the corporation counsel to waive the service of the notice provided to be given by this statute. There have been several decisions of the lower courts thereon, but these are somewhat conflicting.

In Winter v. City of Niagara Falls, 190 N. Y. 198–205, 82 N. E. 1101, 123 Am. St. Rep. 540, 13 Ann. Cas. 486, there was involved the question of service of a notice upon the common council of the city. The Court of Appeals there held that the corporate body only, as represented in the common council, could waive, if anybody could

waive, and that court there distinctly avoided passing upon the power of the common council to make such waiver.

In Hamilton v. City of Buffalo, 55 App. Div. 423, 66 N. Y. Supp. 990, this court, by a vote of three to two, distinctly held that the corporation counsel could waive the service of the notice provided for in the above statute. Mr. Justice Spring wrote the prevailing opinion in that case, and based his conclusions upon the theory that the provision of this statute for the service of such a notice was merely a question of procedure, created wholly for the benefit of the legal department of the city, and that hence it could be waived by that department. That case was later reversed, in 173 N. Y. 72, 65 N. E. 944, by a divided Court of Appeals. The prevailing opinion upon such latter appeal does not pass upon the question of waiver at all. The dissenting opinion, concurred in by two judges, approves the conclusions as to the waiver reached by a majority of the Appellate Division.

In Borst v. Town of Sharon, 24 App. Div. 599, 48 N. Y. Supp. 996, it was held that town and municipal officers had only such powers as were expressly conferred upon them by law, and such implied powers as were necessary to enable them to exercise the expressly conferred powers, and to discharge the duties expressly devolved upon them, and that, hence, no such officer had power to waive any requirement of the statute enacted for the protection of the people of the town or municipality of which he was an officer.

The doctrine of this last case is reiterated in Sheehy v. City of New York, 29 App. Div. 263, 51 N. Y. Supp. 519. This case involved the service of just such a notice as is involved in the case at bar. It was there expressly held that no official could waive the requirements of such a statute, since that requirement stood at the threshold of the action as an essential condition to its maintenance. It is true that this latter case was reversed (160 N. Y. 139, 54 N. E. 749), but such reversal was upon other grounds. The same doctrine was again held in McDonald v. City of New York, 42 App. Div. 263, 59 N. Y. Supp. 16.

This statute is quite evidently in protection of and inures to the benefit of the taxpayers and inhabitants making up the municipality. The liability of the municipality for injuries sustained upon its streets is wholly statutory, and hence the courts are not much concerned with the reason underlying the legislative enactments. The Legislature had power, in creating the liability, to hedge it about with such conditions and restrictions as it saw fit. In this instance it had expressly declared that the action shall not be maintainable unless this notice is served upon the corporation counsel. There is no logic in permitting an official, designated by the statute as the recipient of such a notice, to aid in the creation of a cause of action against a municipality of which he is a servant by waiving an express provision of the law. Certainly no such power to waive exists by virtue of the relation of attorney and client, if the corporation counsel be regarded as sustaining that relation to the city. Town of Salamanca v. County of Cattaraugus, 81 Hun, 282, 30 N. Y. Supp. 790.

On the other hand, regarding the corporation counsel as a municipal

officer, then under the authority of Borst v. Town of Sharon, supra, Sheehy v. City of New York, supra, and McDonald v. City of New York, supra, he had no such authority, because such was not expressly delegated to him by the statute, nor necessarily to be implied as among his powers, to enable him to perform the duties which were expressly delegated to him.

Quite likely the somewhat divergent views of the courts, upon this question, is explainable as a confusion between "substantial compliance" and "waiver." Our courts have gone to some considerable lengths to sustain notices served under statutes similar to this, which notices were inartistically drawn, and in many instances did not seem to fully comply with the requirement of statute. The tendency of the courts has been to sustain notices actually served in all instances when it could be fairly said that such substantially complied with the statute. In reasoning to their conclusions in these particulars the courts have discussed in detail the purposes of such legislation as being to afford to the municipality timely notice of the accident, its place, time, and circumstances, to the end that such municipality might have the benefit of prompt investigation. Upon questions of substantial compliance, the inquiry as to the purpose of the statute is pertinent.

But waiver is far different from substantial compliance. Substantial compliance assumes of necessity the service of a notice. Waiver assumes the lack of such service, and seeks to avoid the necessity for same. Upon a question of waiver of a plain statutory provision, the purpose underlying the provision is of no moment. It seems clear that the corporation counsel did not have power to waive the service of this notice.

[4] But entirely beyond the question of proof of this waiver is that of its admissibility under this complaint. The complaint alleges the service of a notice. The proof, not only does not follow that allegation, but is directly to the contrary, in that it conceded that none was served. Neither does the complaint allege any facts which might be construed as constituting a waiver. In Winter v. Niagara Falls, 190 N. Y. 198, 82 N. E. 1101, 123 Am. St. Rep. 540, 13 Ann. Cas. 486, in discussing just such a question, the Court of Appeals said:

"* * * Still I find the difficulty in the plaintiff's case to be that the complaint neither expressly alleges a waiver, nor facts which, taken together, constitute a waiver, on the part of the defendant. It is a familiar rule of law that the omission of an averment of performance of a condition precedent, or of an excuse for the nonperformance, is fatal on demurrer."

We conclude, therefore, that under the complaint in this action proof of waiver was inadmissible.

[5] It has been suggested that the intended legislative purposes of section 244 of this statute do not require the notice to the corporation counsel to be in writing, and that hence the oral discussion of the claim with the corporation counsel might be construed as an oral notice of an intention to sue. There is no merit in such suggestion. Preceding the provision for service upon the corporation counsel are provisions for the service of notice in three instances, and in each of such instances the statute plainly requires such notice to be written.

The provision for service of notice upon the corporation counsel is embodied in the same sentence with the provision for service of notice upon the common council and the mayor or the clerk. The notice to the council and the mayor or the clerk is expressly required to be written, and that provision is used conjunctively with the one for service of notice upon the corporation counsel. And, still further, the direction of the section is that the notice shall be "served" upon the corporation counsel. The use of the word "served" in this requirement negatives the idea of an oral notice. We do not ordinarily speak of serving an oral notice. Had the section provided that notice be "given" to the corporation counsel, there might be a suggestion of force to the argument. In its use of the word "served" the Legislature has indicated that such notice be written.

In my opinion the requirement of formal written notice is in accordance with the entire structure of the section. It is difficult to conceive that the Legislature sought to hedge about the bringing of such an action as this with a requirement to be complied with in casual conversation. It is more reasonable to assume that the intent was to couple the notice with enough formality to make compliance with the section susceptible of definite proof. These conclusions necessarily lead to a reversal, with costs, and a dismissal of the complaint, with costs.

Judgment reversed, and new trial granted, with costs to appellant to abide event. All concur, except KRUSE, P. J., who dissents upon the ground that, although the judgment cannot be sustained upon the ground of waiver, the facts found to make out a waiver are sufficient as a notice to the corporation counsel of intention to commence an action, and the statute seems not to require such notice to be in writing, and except DE ANGELIS, J., not voting.