Agnes Sheehy, Appellant, *v.* The City of New York, Respondent.

1. City of New York — Statutory Notice of Intention to Sue Municipality for Personal Injury — Substantial Compliance. The act (L. 1886, ch. 572) requiring the filing with the corporation counsel of a notice of intention to commence the action, as a condition of the maintenance of an action against certain cities, including the city of New York, for damages for personal injuries, may be substantially complied with by a notice which, while not stating in terms an intention to commence an action, fulfills the purpose of the statute by informing the corporation counsel of the nature of the claim, the place where and the circumstances under which it arose, and of a purpose to enforce it.

2. Evidence in Substantiation of Compliance with Statute. Where the notice of claim for damages for personal injuries is deficient merely in failing to state in terms an intention to commence an action, it is error, on the trial of the subsequent action, to refuse to permit the plaintiff to show by the books of the corporation counsel's office, in substantiation of a virtual compliance with the statute, that the notice was filed and entered there as a "notice of intention to commence action, chapter 572, Laws of 1886," and that it answered every purpose for which such a notice was intended.

3. Notice in Substantial Compliance with Statute. A notice filed in the office of the corporation counsel by the plaintiff in a subsequent action, at a time when no statute existed except the act of 1886 under which it could be filed there, entitled in the matter of the plaintiff's claim against the city, declaring that the plaintiff claims and demands from the city damages for personal injuries, stating the time, place and cause of the injury, and signed by the plaintiff and by the plaintiff's attorneys, the latter giving their post office address, as required on formal papers in legal proceedings, indicates upon its face an intention to enforce the claim by suit if necessary, and hence is in substantial compliance with the statute.

4. Sufficiency of Notice to Accomplish Object of Statute. While, in an action within the scope of the act of 1886, the statute must be substantially complied with or the plaintiff cannot recover, still, where an effort to comply with it has been made and the notice served when reasonably construed is such as to accomplish the object of the statute, it should be regarded as sufficient.

5. Notice Affects the Remedy, not the Right. The absence or presence of the notice of intention to sue, required by the act of 1886, relates to the remedy, and not to the right; and hence the service of a proper notice under the statute is not strictly a part of the plaintiff's cause of action.

*Sheehy* v. *City of New York,* 29 App. Div. 263, reversed.

(Argued June 9, 1899; decided October 3, 1899.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 23, 1898, overruling the plaintiff's exceptions, which were ordered to be heard in the first instance by that court, and directing a judgment for the defendant dismissing the complaint, with costs.

This action was to recover damages for personal injuries alleged to have been caused by the negligence of the defendant in not keeping its sidewalks in a safe and proper state of repair.

Upon the trial, at the close of the plaintiff's evidence, on motion of the defendant, the court dismissed the complaint and ordered the plaintiff's exceptions to be heard in the first instance at the Appellate Division. This ruling was excepted to, and that exception, with others, was overruled by that court.

*David McClure* for appellant. The notice was sufficient to satisfy the reqirements. of chapter 572, Laws of 1886. (*McDonough* v. *Mayor, etc.,* 15 Misc. Rep. 593; L. 1882, ch. 410, § 1104; *Missano* v. *City of New York,* 17 App. Div. 536; *Frankel* v. *City of New York,* 2 N. Y. Supp. 294; *Masters* v. *City of Troy,* 50 Hun, 485; *Werner* v. *City of Rochester,* 77 Hun, 33; *Sullivan* v. *City of Syracuse,* 77 Hun, 440; *Cross* v. *City of Elmira,* 86 Hun, 467; *Stedman* v. *City of Rome,* 88 Hun, 280; *Moffatt* v. *Fulton,* 132 N. Y. 507; *Dennis* v. *Tarpenny,* 20 Barb. 377.)

*John Whalen, Corporation Counsel* (*Theodore Connoly* of counsel), for respondent. The notice was insufficient in law. (L. 1886, ch. 572, § 1; *Reining* v. *City of Buffalo,* 102 N. Y. 308; *Curry* v. *City of Buffalo,* 135 N. Y. 366; *Merz* v. *City of Brooklyn,* 33 N. Y. S. R. 577; 128 N. Y. 617; *Bauer* v. *City of Buffalo,* 44 N. Y. S. R. 814; *Babcock* v. *Mayor, etc.,* 56 Hun, 196; *Dawson* v. *City of Troy,* 49 Hun, 322; *Frankel* v. *Mayor, etc.,* 18 N. Y. S. R. 241; *Foley* v. *Mayor, etc.,* 1 App. Div. 586; *Patterson* v. *City of Brooklyn,* 6 App. Div. 127; *Kellogg* v. *Mayor, etc.,* 15 App. Div. 326.)

MARTIN, J.   Only a single question was passed upon by either of the courts below and is the only one presented for review by this court.   It relates to the construction of chapter 572 of the Laws of 1886, and is whether the notice served by the plaintiff was a sufficient compliance with that statute. That act in effect provides that no action shall be maintained against the city of New York for damages for personal injuries alleged to have been caused by its negligence, unless notice of the intention to commence such action shall have been filed with the counsel for the corporation within six months after the cause of action accrued.

That the plaintiff endeavored to comply with this provision of the statute and that it was understood by the corporation counsel to have been complied with there can be little doubt.

The accident which was the basis of this action occurred on the twenty-second of September, 1894.   On the tenth of the following November the plaintiff prepared a notice, which was filed in the office of the corporation counsel on November twelfth, and was as follows : " In the Matter of the Claim of Agnes Sheehy against the Mayor, Aldermen and Commonalty of the City of New York.   Gentlemen : — Please take notice that Agnes Sheehy claims and demands from the Mayor, Aldermen and Commonalty of the City of New York five thousand dollars damages for personal injuries sustained by her by falling upon the sidewalk on the west side of Washington Avenue, in the City of New York, between One Hundred and Seventy-fourth and One Hundred and Seventy-fifth Streets on the 22d day of September, 1894, there being at the time a deep hole or depression in the sidewalk at that point and the street gaslights not being lit.   Dated New York, November 10th, 1894.   Respectfully yours, Agnes Sheehy, Claimant.   R. & E. J. O'Gorman, Attorneys for Agnes Sheehy, 49 and 51 Chambers Street, New York City.   To Hon. Ashbel P. Fitch, Comptroller, and Hon. William H. Clark, Counsel to the corporation."

The contention of the respondent, which has prevailed in the courts below, is that the notice was insufficient because it

contained no statement of an intention to commence an action. The point upon which this appeal must turn is a very narrow one, and is whether the notice filed was in substantial compliance with the requirements of the statute in that respect.

The statute prescribes no form, although it states in general terms the nature of the notice required. Its purpose was that a notice should be given which would inform the law officer of the city of the nature of the claim, the place where and the circumstances under which it arose, and of a purpose on the part of the plaintiff to enforce it. That the notice in this case entirely fulfilled this purpose the plaintiff offered to prove but the evidence was rejected. She offered to show that one of the books kept in the office of the corporation counsel contained the following : " Notice of Intention to Commence Action, Chapter 572, Laws of 1886. Nov. 10. Agnes Sheehy, R. & E. J. O'Gorman, 49–51 Chambers Street. Sept. 22 / 94. West side of Washington Avenue bet. 174th & 175th St. Personal injuries caused by falling into a deep hole in sidewalk. $5,000 claimed."

This evidence, if admitted, would have shown that the notice given by the plaintiff was received and filed in the proper office, that the law officer of the corporation plainly regarded it as the notice provided for by the statute, and that it answered every purpose for which it was intended. We think this evidence was clearly admissible, and that the plaintiff's exception to its rejection was well taken.

Moreover, we are of the opinion that the notice was sufficient when construed in the light of the circumstances existing at the time, and that it indicated upon its face an intention on the part of the plaintiff to enforce her claim by suit if necessary. It is entitled in the matter of the claim of the plaintiff against the city. It declares that the plaintiff claims and demands from the city damages for personal injuries. It is signed by the plaintiff and by her attorneys as well, the latter giving their post office address, as required on formal papers in legal proceedings. No statute existed except the act of 1886, under which such notice could have been filed

with the corporation counsel. He could never have supposed that the notice was idle or gratuitous, but must have understood that it was served under the statute. If the rejected proof had been admitted it would have shown clearly his understanding of the purpose of the notice, and of the intent of the plaintiff to enforce her claim.

The plain object of this statute was to provide means by which a city could better guard against the imposition of unfounded claims by being at once informed of their existence, so that its officers might more readily pursue an investigation of their merits than if longer postponed. On the other hand, it could not have been its purpose to deny to a party injured by the negligence of a city any remedy against it, nor to unnecessarily embarrass parties in the enforcement of their rights.

While in an action like this the statute must be substantially complied with or the plaintiff cannot recover, still, where an effort to comply with it has been made and the notice served when reasonably construed is such as to accomplish the object of the statute, it should, we think, be regarded as sufficient.

The claim that the service of a proper notice under the statute constituted a part of the plaintiff's cause of action, is not quite correct. The absence or presence of such a notice relates to and affects the procedure, rather than the cause of action. It relates to the remedy and not to the right. This we have held in the *Missano* case, decided at this term (160 N. Y. 123).

We are of the opinion that the trial court erred in rejecting the evidence of the entry made in the books of the corporation counsel, in holding that the notice in this case was insufficient under the statute, and in dismissing the complaint upon that ground. For these reasons the judgments of the trial court and of the Appellate Division should be reversed, and a new trial granted, with costs to abide the event.

All concur (PARKER, Ch. J., on the ground that the notice given was in substantial compliance with the requirements of the statute).

Judgments reversed, etc.