EMMA J. WALDEN, Respondent, *v.* CITY OF JAMESTOWN, Appellant.

1. STREETS AND HIGHWAYS — NEGLIGENCE — JAMESTOWN (CITY OF) — PROVISION OF CHARTER (L. 1898, CH. 231, § 2) REQUIRING NOTICE OF ACCIDENT TO BE GIVEN IN FORTY-EIGHT HOURS THEREAFTER — WHAT IS SUFFICIENT COMPLIANCE THEREWITH. Where it is required by a city charter that the plaintiff in an action against the city to recover damages for a death or personal injuries caused by defective sidewalks or streets must show that a notice in writing of the place where the accident occurred, out of which the claim arose, was given to a specified officer of the city within forty-eight hours after the accident, service of such notice within seventy-two hours thereafter is a substantial compliance with the charter, where it is found that up to the time of the preparation and service of the notice the plaintiff was suffering much pain through and in consequence of her injuries and was in a condition where she was unable to transact business.

2. EVIDENCE — WHEN FAMILY PHYSICIAN HAVING KNOWLEDGE OF INJURIES OF PLAINTIFF MAY TESTIFY AS TO PERMANENT AND FUTURE RESULT THEREOF. Where the family physician of the plaintiff, in such an action, has testified that she was suffering from irritation and concussion of the spine resulting from the injuries received in the accident, he may be permitted to testify, as an expert, that the injury is permanent and that the progressive result of the spinal trouble may be paralysis.

*Walden* v. *City of Jamestown,* 79 App. Div. 433, affirmed.

(Argued March 24, 1904; decided April 8, 1904.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 31, 1903, affirming a judgment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James L. Weeks* for appellant. The plaintiff, in order to maintain her action, was obliged to show that a notice in writing of the place where the accident occurred was given to the mayor, city clerk or some alderman within forty-eight hours after the happening thereof. (L. 1898, ch. 231.) The service of a notice seventy-two hours after the accident is not

a substantial compliance with a statute requiring its service within forty-eight hour (*Missano.* v. *Mayor etc.*, 160 N. Y. 123; *Matter of Davies*, 168 N. Y. 89; *Soule* v. *Tomah*, 81 Wis. 349; *Crocker* v. *Hartfield*, 66 Conn. 387; *Ray* v. *St. Paul*, 44 Minn. 340; *May* v. *City of Boston*, 150 Mass. 517; *Foley* v. *City of New York*, 1 App. Div. 586; *Bucklin* v. *Ford*, 3 Barb. 393; *Howell* v. *Hair*, 15 Ala. 194; *Warfield* v. *Fox*, 53 Penn. St. 382.)

*Benjamin S. Dean* for respondent. The service of a notice seventy-two hours after the accident was, under the circumstances, a substantial compliance with the statute requiring its service within forty-eight hours. (1 Kent's Comm. [3d ed.] 463; *White* v. *Wager*, 32 Barb. 250; 25 N. Y. 328; *Harmony* v. *Bingham*, 12 N. Y. 99; *Mathews* v. *A. C. Ins. Co.*, 154 N. Y. 449, 463; *Herter* v. *Mullen*, 159 N. Y. 28; *B. & L. L. Co.* v. *B. L. & I. Co.*, 165 N. Y. 247; *Stoddard* v. *Lum*, 159 N. Y. 265; *Stillwell* v. *M. L. Ins. Co.*, 72 N. Y. 385; *Green* v. *Vil. of Port Jervis*, 55 App. Div. 58; *Missano* v. *Mayor, etc.*, 160 N. Y. 123.)

BARTLETT, J. This action is brought against the defendant, the City of Jamestown, to recover damages for personal injuries alleged to have been received on the eighth day of April, 1900, within said city, on one of its traveled thoroughfares known as Warren street.

On the day in question the plaintiff, in company with her daughter, was on the way from her residence to church, and, in attempting to pass over the sidewalk of said street, experienced a serious fall in consequence of the defects existing therein, being thrown forward, striking on her left knee and head, thereby sustaining painful injuries.

The referee found, in substance, that in consequence of this fall, the patella of plaintiff's left knee was dislocated, and that she also received a severe shock or fall which occasioned pain and suffering and produced a condition of partial unconsciousness, disqualifying her for a certain time from transacting

business; that directly after receiving such injuries the plaintiff was removed into an adjoining residence and there cared for to some extent; she was then removed to her own home.

The trial of this action took place some eighteen months after the accident.

The referee found, in substance, that the injury to the plaintiff occasioned her much suffering during the greater part of the time since the accident; that in consequence thereof she had been unable to attend to her household duties or to perform any large amount of work or labor; that she is now afflicted with spinal irritation and its attendant results which were occasioned by said injury and by the shock received by her at the time of said injury, and that plaintiff had sustained loss and damage to the amount and extent of eighteen hundred dollars; that the accident to the plaintiff and the injuries received by her were the result of the negligence of the defendant in failing to keep and maintain the sidewalk in a safe and proper condition at the place where the accident occurred.

The referee further found that in and by the terms and provisions of the charter of the defendant (Laws of 1898, chap. 231, § 2) it is, among other things, provided as follows : " Where any action is brought against said city to recover damages for a death or personal injuries caused by defective sidewalks or streets, the plaintiff must show that notice in writing of the place where said accident occurred out of which said claim arose, was given to the mayor, city clerk, or some alderman of said city within forty-eight hours after the happening thereof in order to maintain such action. Such notice shall be in addition to the written notice hereinbefore required."

The referee found, in substance, that no notice in writing or otherwise was given by the plaintiff in pursuance of the requirements of said section within forty-eight hours after the occurrence of such injury; but that on the eleventh day of April, 1900, a notice in writing was prepared and signed by the plaintiff and served upon the city clerk of the defendant. It is further found that up to the time of the preparation and

service of this notice the plaintiff was suffering much pain through and in consequence of such injuries, and was in 'a condition where she was unable to transact business.

The question is thus presented whether the failure by the plaintiff, under these circumstances, to serve this preliminary notice within the period of forty-eight hours prescribed by the charter of the defendant is a bar to the present action.

The counsel for the plaintiff argued in this court the point, among others, that this exceedingly brief time allowed for the service of the preliminary notice is not only unreasonable, shocking the sense of justice, but is unconstitutional as depriving the plaintiff of property without due process of law. This question was discussed by both counsel with ability, but as we are of opinion that there was a substantial compliance with the statute, it is unnecessary to pass upon the constitutional question.

We have the finding that the notice was served within three days, or seventy-two hours, after the accident, and that up to the time of its preparation and service the plaintiff was unable to transact business. It would, indeed, shock the sense of justice if this charter provision was construed so as to hold this service insufficient.

It cannot be reasonably presumed that the intention of the legislature in enacting this charter would lead to any such unjust conclusion. It is a fundamental canon of construction " that a thing which is in the letter of a statute is not within the statute itself unless it is within the intention of the makers." (*Riggs* v. *Palmer*, 115 N. Y. 506, 509.)

This court has recently had occasion to examine the question as to substantial compliance with similar provisions, which are not to be regarded as statutes of limitation on a right of action, although a failure to observe them might be insisted upon as a bar.

In *Missano* v. *Mayor, etc., of N. Y.* (160 N. Y. 123) it was held that a notice, which in other respects complied with the law requiring the filing with the corporation counsel of the city of New York of a notice of the intention to commence the action

as a condition to the maintenance of it against the municipality for damages for personal injuries, is not prevented from being a substantial compliance with the statute by the fact that it was directed to and filed with the comptroller instead of the corporation counsel as required, it being admitted by the defendant that the notice, after its receipt by the comptroller, was sent by him to the corporation counsel and filed by the latter in his office.

In *Sheehy* v. *City of New York* (160 N. Y. 139) the statute required the filing with the corporation counsel of a notice of an intention to commence an action as a condition for the maintenance of it against certain cities, including the city of New York, for damages for personal injuries. Held, that the statute was substantially complied with by a notice which, while not stating in terms an intention to commence an action, fulfills the purpose of the statute by informing the corporation counsel of the nature of the claim, the place where and the circumstances under which it arose, and of a purpose to enforce it.

This court said : " While in an action like this the statute must be substantially complied with, or the plaintiff cannot recover, still where an effort to comply with it has been made and the notice served, when reasonably construed, is such as to accomplish the object of the statute, it should, we think, be regarded as sufficient."

This charter provision requiring a notice of forty-eight hours is common in the municipal charters of this state, and has been dealt with in a satisfactory manner by applying the rule of substantial compliance in the Appellate Divisions. (See particularly *Green* v. *Village of Port Jervis*, 55 App. Div. 58.)

It is an accepted maxim that the law does not seek to compel a man to do that which he cannot possibly perform. (Broom's Legal Maxims [4th ed.], 178.) And this reasonable rule has been applied in many cases. (*Harmony* v. *Bingham*, 12 N. Y. 99; *Matthews* v. *American Central Ins. Co.*, 154 N. Y. 449, 463; *Herter* v. *Mullen*, 159 N. Y. 28, 39, 43;

*Buffalo & L. Land Co.* v. *Bellevue L. & I. Co.,* 165 N. Y. 247, 254.)

The counsel for the appellant raises the additional point that the judgment should be reversed for the reason that certain evidence given by the plaintiff's family physician over his objection and exception was error. This evidence related to the question of possible permanency of the injuries received in the spine which had developed a well-marked case of spinal irritation and concussion ; also as to the progressive character of this nerve injury.

We are entirely satisfied with the manner in which the learned justice, writing for the Appellate Division, has disposed of this point, and adopt his reasoning and the conclusion reached that no reversible error was committed in the admission of this evidence.

The referee has not found, as he might have done in view of the expert evidence, that the injury is permanent, nor that the progressive result of this spinal trouble may be paralysis. He found that at the time of the trial, about eighteen months after the accident, the plaintiff was unable to attend to her household duties or perform any large amount of work or labor, and that she was afflicted with spinal irritation and its attendant results. The very reasonable amount of damages awarded of eighteen hundred dollars would seem to indicate that the referee was alone influenced in fixing that amount by the situation at the time of the trial.

The judgment appealed from should be affirmed, with costs.

PARKER, Ch. J., GRAY, O'BRIEN, HAIGHT, MARTIN and CULLEN, JJ., concur.

Judgment affirmed.