IRA BLOUNT, as Administrator, etc., of IRA F. BLOUNT, Deceased, Appellant, *v.* THE CITY OF TROY, Respondent.

Third Department, January 8, 1906.

Municipal corporation — when notice of claim against city sufficiently definite — service on common council.

The provisions of the charter of the city of Troy (Laws of 1892, chap: 670, tit. 10, § 19) and the statute governing cities of the second class (Laws of 1898, chap. 182, § 461, as amd. by Laws of 1899, chap. 581), and the Laws of 1886, chapter 572, which require notice to be served on certain city officials containing a full statement of the facts out of which a cause of action against the city arose, should be construed to require only as full and accurate a statement as is possible under the circumstances.

Hence, in an action to recover for the death of plaintiff's intestate caused by the defective condition of a street, when the exact place and circumstances can only be learned by hearsay, a notice is sufficient which states that at a point where the brickyard railroad switch crosses the highway (which is described) diagonally near the foot of the hill, there was a known negligent, unsafe condition of the highway by reason of the rails of said switch being elevated, etc.

The service upon the common council required by the Laws of 1898, chapter 182, section 461, as amended, may be made by service on the president of said common council if that body be not then in session.

APPEAL by the plaintiff, Ira Blount, as administrator, etc., of Ira F. Blount, deceased, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Rensselaer on the 26th day of January, 1905, upon the dismissal of the complaint by direction of the court after a trial at the Rensselaer Trial Term, and also from an order entered in said clerk's office on the 30th day of January, 1905, denying the plaintiff's motion for a new trial made upon the minutes.

This is an appeal from a judgment in favor of the defendant,

upon a trial before a jury, dismissing the plaintiff's complaint, with costs, and from an order denying plaintiff's motion for a new trial. The action was brought to recover for the death of the plaintiff's intestate, alleged to have been caused by the negligence of the defendant. The complaint was dismissed because the proper notice was not served upon the comptroller of the city within six months after the accident, as required by the charter of the city, and upon the common council within three months after the accident, as required by the charter for cities of the second class. A notice was served, but the trial court deemed it insufficient and not a compliance with the statute, as not sufficiently describing the place and the cause of the accident. The charter of the city (Laws of 1892, chap. 670, tit. 10, § 19) requires a full statement of the facts out of which the cause of action arose, duly verified by the claimant, stating, among other things, the time when, the particular place where, the circumstances under which the damages or injuries were sustained, and the cause thereof, to be delivered to and left with the comptroller within six months of the accident, or no action shall be brought therefor. The charter for cities of the second class (Laws of 1898, chap. 182, § 461, as amd. by Laws of 1899, chap. 581) requires written notice to be served on the common council within three months, which shall describe the time, place, cause and extent of the injuries, so far as practicable, verified by the oath of the claimant. In addition to these requirements, chapter 572 of the Laws of 1886 requires the service of a notice within six months upon the corporation counsel of an intention to bring such action.

*Samuel Foster*, for the appellant.

*John T. Norton*, for the respondent.

KELLOGG, J.:

These statutes are intended not to involve the claimant in such a mass of uncertainty and technicality that seeking a remedy shall be worse than the injury and prove equally unsatisfactory to him, but their plain object "was to provide means by which a city could better guard against the imposition of unfounded claims by being at once informed of their existence, so that its officers might more readily pursue an investigation of their merits than if longer post-

poned." (*Sheehy* v. *City of New York*, 160 N. Y. 139, 143.) Therefore, "' while in an action like this the statute must be substantially complied with or the plaintiff cannot recover, still where an effort to comply with it has been made, and the notice served, when reasonably construed, is such as to accomplish the object of the statute, it should, we think, be regarded as sufficient.'" (*Walden* v: *City of Jamestown*, 178 N. Y. 213, 217.) In this latter case notice was required to be served within forty-eight hours, and a service within seventy-two hours was declared a substantial compliance where the plaintiff was in the meantime unable to transact business. In the *Sheehy* case the plaintiff was required to serve the corporation counsel with notice of her intention to commence the action. The notice did not refer to any action, but was entitled "In the Matter of the Claim of Agnes Sheehy against the Mayor, Aldermen and Commonalty of the City of New York," and demanded damages for the claimant's personal injury, and was signed by her, and it was held that the corporation counsel could not have supposed the notice idle and gratuitous, but must have understood that it was served under the statute and that it was a substantial compliance with the statute. Also that it was error to reject evidence that the corporation counsel so understood it. In the notice required by the charter for cities of the second class above referred to, the claimant is to state the time, place, cause and so far as is "then practicable" the nature and extent of the injuries. The charter of the city does not use the words "so far as is then practicable," or any equivalent words, but a proper construction of the requirement must necessarily read some such words into the statute, as the law does not require impossibilities or unreasonable things, but every law is to have a sane and a reasonable construction. And if when a man is killed by the negligence of a city, or is injured by such negligence, the claimant states in good faith as fully and accurately as possible the details of the injury, nothing more would seem to be required, provided such statements give to the city the information which the statute reasonably contemplates it should receive. The complaint in this case alleges that the notice described these particulars so far as the same could be reasonably stated. And to properly interpret that allegation we must remember that the injured party received by the accident a fatal injury and died the next day; that the administrator

was probably not present and that he could only gain his information by hearsay, or through others, and sometime after the accident. Referring to the particulars in which the trial court considered the notice insufficient, viz., that it did not state the place nor the cause of the accident, a careful perusal of the notice shows the error in those respects. The notice states that at a point where the brickyard railroad switch crosses the highway (describing it) diagonally near the foot of the hill, there was a known, negligent, unsafe condition of the highway by reason of the rails of said switch being elevated above the roadbed, and that while the plaintiff's intestate, his son, was carefully driving on said highway with a loaded wagon, he approached that point in the highway where said switch crossed, and solely on account of the unsafe and dangerous condition there, was thrown from the wagon and received the serious and fatal injuries stated. It is difficult to see what more definite information could be given. It states the particular crossing that was unsafe and dangerous, and why, and it shows that at that point the claimant, exercising due care, was thrown out of his wagon and injured by reason of the defective condition there. But if we consider the allegations in the notice somewhat indefinite and that they might have been more particular in some respects, we are to remember the allegation of the complaint that the claimant has stated the particulars so far as the same could be reasonably stated.

The trial court did not seem seriously to consider the suggestion that the notice was served upon the president of the common council and not upon the common council itself. The accident occurred August 1, 1903; letters testamentary were issued October nineteenth; the notice was served upon the president of the common council October twenty-second; there was no meeting of the common council between October first and November fifth, the date when the president delivered the notice to the common council at its first meeting. The plaintiff did not control the meetings of the common council and can lose no rights because they did not meet sooner. The common council properly means the assemblage of the different councilmen; not the individuals as they may be found upon the street. The service upon the president was a reasonable and fair compliance with the provisions of the statute, and the fact that the council received the notice at its first meeting after the plaintiff was

appointed administrator and was in a position to make the claim is a substantial compliance within the *Walden* case. The judgment and order should, therefore, be reversed and a new trial granted, with costs to the plaintiff to abide the event.

All concurred.

Judgment and order reversed and new trial granted, with costs to appellant to abide event.