(110 App. Div. 609.)

### BLOUNT v. CITY OF TROY.

(Supreme Court, Appellate Division, Third Department. January 8, 1906.)

1. MUNICIPAL CORPORATIONS—NEGLIGENCE—INJURIES — ACTION — NOTICE OF CLAIM—SUFFICIENCY.

Under charter of city of Troy (Laws 1892, p. 1292, c. 670, tit: 10, § 19), requiring a full statement of the facts out of which a cause of action against the city for personal injuries arose, duly verified, and stating the particular place where, the circumstances under which the injury was sustained, and the cause thereof, to be delivered to the comptroller within six months of the accident; Laws 1898, p. 438, c. 182, § 461 (Charters for cities of the second class), requiring written notice to be served on the common council within three months, describing the time, place, cause, and extent of the injuries, so far as practicable; and Laws 1886, p. 801, c. 572, requiring the service of a notice within six months on the corporation counsel of an intention to bring such action, where plaintiff's intestate received by the accident a fatal injury, dying the next day, plaintiff not being present, and deriving his information by hearsay, some

time after the accident, a notice stating that at a point where the brick-yard and railroad switch crosses the highway (describing it), diagonally near the foot of the hill, there was a known, negligent, unsafe condition of the highway, by reason of the rails of said switch being elevated above the roadbed, and that while plaintiff's intestate was driving on said highway with a loaded wagon, he approached that point in the highway where said switch crossed, and solely on account of the unsafe and dangerous condition, was thrown from the wagon, and received the injuries stated, sufficiently stated the place and cause of the accident, considering the allegation of the complaint that the particulars were stated so far as the same could be reasonably stated.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, § 1702.]

2. SAME—SERVICE OF NOTICE ON COMMON COUNCIL—SUFFICIENCY.

Under Laws 1898, p. 438, c. 182, § 461, relating to charters for cities of the second class, and requiring written notice of an accident alleged to have resulted from the negligence of a city to be served on the common council within three months of the accident, describing the time, place, cause, etc., of the injuries, where a fatal accident occurred August 1st, letters testamentary being issued October 19th, a notice served by decedent's administratrix on the president of the common council October 22d, and delivered by such president to the council at its first meeting, was a sufficient compliance with the statute, though there was no meeting of the council between October 1st, and November 5th, at which time the notice was delivered.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, § 1704.]

Appeal from Trial Term.

Action by Ira Blount, as administrator, etc., against the city of Troy. Judgment for defendant, and plaintiff appeals. Reversed.

This is an appeal from a judgment in favor of the defendant upon a trial before a jury, dismissing the plaintiff's complaint, with costs, and from an order denying plaintiff's motion for a new trial. The action was brought to recover for the death of the plaintiff's intestate, alleged to have been caused by the negligence of the defendant. The complaint was dismissed because the proper notice was not served upon the comptroller of the city within six months after the accident, as required by the charter of the city, and upon the common council within three months after the accident, as required by the charter for cities of the second class. A notice was served, but the trial court deemed it insufficient, and not a compliance with the statute, as not sufficiently describing the place and the cause of the accident. The charter of the city (section 19, tit. 10, c. 670, p. 1292, Laws 1892) requires a full statement of the facts out of which the cause of action arose, duly verified by the claimant, stating, among other things, the time when, the particular place where, the circumstances under which the damages or injury were sustained, and the cause thereof, to be delivered to and left with the comptroller within six months of the accident, or no action shall be brought therefor. The charter for the cities of the second class (section 461, c. 182, p. 438, Laws 1898) requires written notice to be served on the common council within three months, which shall describe the time, place, cause, and extent of the injuries so far as practicable, verified by the oath of the claimant. In addition to these requirements, chapter 572, p. 801, Laws 1886, requires the service of a notice within six months upon the corporation counsel of an intention to bring such action.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and KELLOGG, JJ.

Samuel Foster, for appellant.
John F. Norton, for respondent.

JOHN M. KELLOGG, J. These statutes are intended not to involve the claimant in such a mass of uncertainty and technicality that seeking a remedy shall be worse than the injury and prove equally unsatisfactory to him, but their plain object "was to provide means by which a city could better guard against the imposition of unfounded claims by being at once informed of their existence, so that its officers might more readily pursue an investigation of their merits than if longer postponed." Sheehy v. City of New York, 160 N. Y. 139, 143, 54 N. E. 749. Therefore, "while in an action like this the statute must be substantially complied with, or the plaintiff cannot recover, still where an effort to comply with it has been made and the notice served, when reasonably construed, is such as to accomplish the object of the statute, it should, we think, be regarded as sufficient." Walden v. City of Jamestown, 178 N. Y. 213, 217, 70 N. E. 466. In this latter case, notice was required to be served within 48 hours, and a service within 72 hours was declared a substantial compliance where the plaintiff was in the meantime unable to transact business. In the Sheehy Case, the plaintiff was required to serve the corporation counsel with notice of his intention to commence the action. The notice did not refer to any action, but is entitled: "In the Matter of the Claim against the City," and demanding damages for the claimant's personal injury, and was signed by him, and it was held that the corporation counsel could not have supposed the notice idle and gratuitous, but must have understood that it was served under the statute, and that it was a substantial compliance with the statute. Also that it was error to reject evidence that the corporation counsel so understood it. In the notice required by the charter for cities of the second class, above referred to, the claimant is to state, as far as "then practicable," the time, place, cause, and extent of the injuries. The charter of the city does not use the words, "As far as then practicable," or any equivalent words, but a proper construction of the requirement must necessarily read some such words into the statute, as the law does not require impossibilities or unreasonable things, but every law is to have a sane and a reasonable construction. And if when a man is killed by the negligence of a city, or is injured by such negligence, the claimant states in good faith as fully and accurately as possible the details of the injury, nothing more would seem to be required, provided such statements give to the city the information which the statute reasonably contemplates it should receive.

The complaint in this case alleges that the notice described these particulars so far as the same could be reasonably stated. And to properly interpret that allegation we must remember that the injured party received by the accident a fatal injury, and died the next day; that the administratrix was probably not present, and that she could only gain her information by hearsay, or through others, and some time after the accident. Referring to the particulars in which the trial court considered the notice insufficient, viz., that it did not state the place nor the cause of the accident, a careful perusal of the notice shows the error in those respects. The notice states that at a point where the brickyard railroad switch crosses the highway (describing it) diagonally near the foot of the hill, there was a known, negligent, unsafe condi-

tion of the highway, by reason of the rails of said switch being elevated above the roadbed, and that while the plaintiff's intestate, his son, was carefully driving on said highway with a loaded wagon, he approached that point in the highway where said switch crossed, and solely on account of the unsafe and dangerous condition there, was thrown from the wagon, and received the serious and fatal injuries stated. It is difficult to see what more definite information could be given. It states the particular crossing that was unsafe and dangerous, and why, and it shows that at that point the claimant, exercising due care, was thrown out of his wagon and injured by reason of the defective condition there. But if we consider the allegations in the notice somewhat indefinite and that they might have been more particular in some respects, we are to remember the allegation of the complaint that the claimant has stated the particulars so far as the same could be reasonably stated.

The trial court did not seem seriously to consider the suggestion that the notice was served upon the president of the common council and not upon the common council itself. The accident occurred August 1st; letters testamentary were issued October 19th; the notice was served upon the president of the common council October 22d; there was no meeting of the common council between October 1st and November 5th, the date when the president delivered the notice to the common council at its first meeting. The plaintiff did not control the meetings of the common council, and can lose no rights because they did not meet sooner. The common council properly means the assemblage of the different councilmen; not the individuals as they may be found upon the street. The service upon the president was a reasonable and fair compliance with the provisions of the statute, and the fact that the council received the notice at its first meeting, after the plaintiff was appointed administrator, and was in a position to make the claim is a substantial compliance within the Walden Case.

The judgment and order should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.