PURDY v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. May 1, 1908.)

1. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALKS—INJURIES TO PEDESTRIANS—NOTICE—SUFFICIENCY.

Under Laws 1886, p. 807, c. 572, providing for notice of intent to sue for personal injuries against a city, and providing that the notice shall state "the time and place at which the injuries were received," a notice of injuries to a pedestrian which states that the injuries were received on or about a designated date while walking along the sidewalk on a designated street in the city, by falling into "an opening, gully, or trench running across" the sidewalk, sufficiently states the place of the accident, though the designated street is over a mile in length, on it being shown that the place where the accident occurred was the only place where there was a gully or trench running across the sidewalk. (Per Woodward and Hooker, JJ.)

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, §§ 1696–1707.]

2. SAME—PLEADING—ISSUES.

The complaint in an action against the city of New York for injuries to a pedestrian alleged presentation of the claim required by the city charter and the service of the notice required by Laws 1886, p. 801, c. 572. The answer alleged that defendant did not have any knowledge or information sufficient to form a belief as to the truth of the allegations of the complaint, excepting that the city was a municipal corporation. Held, that the sufficiency of the notice was not in issue. (Per Gaynor and Miller, JJ.)

Jenks, J., dissenting.

Appeal from Trial Term.

Action by William J. Purdy against the city of New York. From a judgment of nonsuit, plaintiff appeals. Reversed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Martin S. Lynch, for appellant.

James D. Bell, for respondent.

WOODWARD, J. The plaintiff brought his action to recover for personal injuries sustained by falling into a gully or trench, from 1½ to 4 feet in depth, running across the sidewalk in Milford street, borough of Brooklyn. The learned court, on a motion to dismiss the complaint on the ground, among others, that the plaintiff had failed to give the proper notice of intention to sue, as provided by chapter 572, p. 801, of the Laws of 1886, submitted the questions of negligence and contributory negligence to the jury, reserving the question of the notice as one of law. The jury failed to agree, whereupon the court discharged the jury and granted the motion to dismiss the complaint on the ground of the insufficiency of the notice. The plaintiff appeals from the judgment.

The plaintiff was injured on the 8th day of July, 1904, and was confined to his bed for some months. On the 8th day of August, 1904, in pursuance of the provisions of chapter 568, p. 1312, of the Laws of 1894 (which probably has no bearing), the plaintiff caused a notice to be served on the comptroller of the city of New York, stating that he had been injured by falling into the gully or trench in Milford street. At the same time he caused to be served on the corporation counsel a notice in the following language:

"You will please take notice that I hereby, pursuant to chapter 572 of the Laws of 1886, notify you of my intention to commence suit against the city of New York to recover damages to the amount of $5,000 for injuries which I received on or about the 8th day of July, 1904. Whilst walking along the sidewalk on Milford street, borough of Brooklyn, in the nighttime, I was caused to fall into an opening, gully or trench running across said sidewalk, whereby I was caused to sustain bodily injuries which I fear are permanent."

The only question on this appeal is the sufficiency of this notice. It is conceded that the notice above quoted was received by the corporation counsel on the 16th day of August, 1904, and that it was indorsed:

"A copy of the within this day received, August 16, 1904, at corporation counsel's office, Borough, Brooklyn."

Under the provisions of the statute the plaintiff is entitled to serve his notice at any time within 6 months of the accident. This notice was served within less than 1½ months of the accident, and the corporation counsel, without objection or any suggestion on his part that the notice was not sufficient, kept such notice, and the first objection to its sufficiency was brought out at the trial, when it was too late for the plaintiff to give a new notice. It is true that under the statute there is no active duty imposed upon the corporation counsel; but that common fairness which prevails in our practice generally would suggest that, if a notice which in form complies with the statute is served, it cannot properly be retained for the purpose of defeating the plaintiff's recovery because of some defect in substance.

If the notice had been rejected or returned to the plaintiff, even without pointing out the supposed defect, he would have been enabled to serve a second notice long before the expiration of the 6 months period, and thus his right of action would have been preserved. But to retain this notice until after the time had expired for giving the notice, and then raising a purely technical objection, is not in accord with the general practice of this state, and it ought not to be permitted to deprive the plaintiff of his rights now. While the Chief Executive of the nation and Congress, as well as many state Legislatures, are at work to increase the liabilities of employers, on the theory that those who are injured in the course of their employment ought not to be called upon to bear all the burden, the courts ought not to be astute in discovering reasons for upholding purely technical defenses, which tend to work great wrongs against individuals, with no appreciable diminution of the burdens of the taxpayers. Every reason that can possibly be urged in favor of enlarging the liability of employers can be urged with greater force in favor of compelling municipalities to fairly compensate those who are injured through the neglect of public officials.

But it is not necessary to increase the liability of municipalities over their common-law liabilities. That is sufficient, if the way is left reasonably open to the individual to recover when he has suffered a wrong, and the tendency of the courts in recent times has been to limit the effect of these statutes encroaching upon the right of the individual to enforce his cause of action, by holding that a substantial compliance is all that is necessary. The defect here urged is that the notice does not state the place where the accident occurred. The notice does not, it is true, state with accuracy the location of the accident, such as would probably be necessary in fixing liability for a broken plank or other similar defect in a sidewalk; but, when we take into consideration the notice and the conditions existing, we are of the opinion that no one could have been left in doubt as to the location of the defect. Milford street was over one mile in length, but the evidence showed that the place where the accident occurred was the only place upon the street where there was a gully or trench running across the sidewalk, and the gully or trench thus became a monument in and of itself for locating the place of the accident, and a defect such as is established by the evidence was such an one as could not be mistaken. There was a cut across the sidewalk ranging from 1½ to 4 feet in depth. It was the only place upon the street which corresponded with the notice, and it is idle to say that under the circumstances thus presented there was any failure on the part of the plaintiff to point out the place of the accident. In Walden v. City of Jamestown, 178 N. Y. 213, 217, 70 N. E. 466, where the statute required a notice within 48 hours, and the plaintiff served her notice in 72 hours, the court discusses the question of substantial compliance, citing the authorities, and approves the doctrine of Sheehy v. City of New York, 160 N. Y. 139, 54 N. E. 749, that while—

"in an action like this the statute must be substantially complied with, or the plaintiff cannot recover, still where an effort to comply with it has been made, and the notice served, when reasonably construed, is such as to ac-

complish the object of the statute, it should, we think, be regarded as sufficient."

The object of the statute was clearly to apprise the corporation counsel of the probability of an action, and informing him of the facts necessary to enable him to intelligently investigate the matter and be prepared with whatever defense the municipality might have. There can be no doubt that this notice, calling attention to the street and borough, with the description of the place where the accident occurred, fulfilled this object. There could be no reasonable question of the place where this accident occurred. It was obvious from the most casual driving over the street; and, the notice having been served and retained during the time that the plaintiff might have amended it, we are of the opinion that there was such a compliance with the statute that the defendant ought not to be permitted to prevail in this appeal.

The judgment appealed from should be reversed.

Judgment reversed, and new trial granted; costs to abide the event.

HOOKER, J., concurs. JENKS, J., dissents.

GAYNOR, J. (concurring). I concur to the extent I now state. The dismissal of the complaint was error, without regard to whether the notices were sufficient. By section 261 of the city charter (3 Laws 1897, p. 92, c. 378) it is required that the complaint in an action against the city must allege that at least 30 days have elapsed since the demand or claim on which the action is brought was presented to the comptroller of the city for adjustment, and that he has neglected or refused to adjust or pay the same. By chapter 572, p. 801, of the Laws of 1886, a notice of intention to commence an action for personal injuries against any city of the state of as many as 50,000 inhabitants, "and of the time and place at which the injuries were received," must be filed with its corporation counsel within six months after the cause of action accrued, as a condition precedent to a right to begin such an action. The learned counsel for the defendant produced and put in evidence these two papers from the offices of the comptroller and corporation counsel, respectively, and on his motion at the close the case was dismissed on the ground that they were not the notices required by law, in that they did not state the place where the injuries were received. They stated that the plaintiff fell into a trench across the sidewalk in Milford street, but did not specify the particular place in Milford street.

There was no such issue in the case. The complaint sufficiently alleged the presentation of claim and service of notice under the said statutes, and there was no sufficient denial thereof in the answer. The answer is a denial that the defendant has any knowledge or information sufficient to form a belief as to the truth of the allegations of the complaint, excepting that the defendant is a municipal corporation. This modified and lenient form of denial is not permissible in respect of matters of which the defendant has actual knowledge, or presumptively has as matter of law. Rochkind v. Perlman, 123 App.

Div. 808, 108 N. Y. Supp. 224, 151. Whether these papers are filed in the offices of the comptroller and corporation counsel—two public offices of the city—and what their contents are, and whether the comptroller has adjusted the claim or paid it, is a matter of actual knowledge of the defendant through its officers.

The judgment should be reversed.

MILLER, J., concurs. JENKS, J., dissents.