(169 App. Div. 558)

### WEISMAN v. CITY OF NEW YORK. (No. 7703.)

(Supreme Court, Appellate Division, First Department. November 5, 1915.)

MUNICIPAL CORPORATIONS ☞812—INJURIES TO PERSONS ON STREETS—NOTICE.
    Under Laws 1886, c. 572, requiring notice of intention to sue a city for personal injuries received, and of the time and place of the injuries, within six months after the cause of action accrued, notice of injuries received by plaintiff, who stepped into a hole in the sidewalk, is sufficient, though it recited the accident occurred on August 20th, when in fact it occurred on August 28th; it appearing that the hole existed on August 20th, and continued thereafter, and the mistake was discovered on a hearing before the comptroller.
    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1696–1707; Dec. Dig. ☞812.]

Appeal from Trial Term, New York County.

Action by Ida Weisman against the City of New York. From an order setting aside a verdict, and a judgment dismissing the complaint, plaintiff appeals. Order and judgment reversed, and judgment directed on the verdict.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Breitbart & Breitbart, of New York City (George F. Hickey and Bernard Breitbart, both of New York City, of counsel), for appellant.

E. Crosby Kindleberger, of New York City, for respondent.

McLAUGHLIN, J. Action to recover damages for personal injuries sustained by plaintiff in stepping into a hole in the sidewalk, which it was alleged defendant negligently permitted to remain un-

guarded. The answer put in issue the material allegations of the com-plaint. The evidence justified the jury in finding that the plaintiff's in-juries were sustained through the negligence of the defendant; that the defect in the sidewalk had remained in the same condition it was at the time plaintiff was injured for a considerable period of time; that the defendant had either actual or constructive notice of it, and had not taken the necessary precautions to prevent persons lawfully using the sidewalk from being injured by reason of such defect.

But it is strenuously urged on the part of the city that the plaintiff was not entitled to recover, even though the jury were justified in find-ing that the plaintiff's injuries were due to its negligence, because in the notice of intention to sue, in the claim filed by the plaintiff with the comptroller, the statement was made, and in the complaint an allega-tion inserted, that the accident occurred on August 20, 1912, whereas the evidence at the trial showed it occurred on August 28, 1912. This question was raised at the trial. At the close of plaintiff's case the de-fendant moved for a dismissal of the complaint upon that ground, which motion was renewed at the close of the entire case, when the court ordered an amendment of the complaint so as to correctly state the date of the accident, and upon the consent of both parties withheld decision of the defendant's motion until after the verdict had been taken. The question was submitted to the jury to determine whether the variance between the notice of intention to sue and the proof as to the date of the accident were a substantial compliance with the statute requiring such notice to be given. The jury rendered a verdict in favor of the plaintiff for $800, which was subsequently set aside on the ground it was contrary to law, and the complaint dismissed. The plain-tiff appeals from the order setting aside the verdict and dismissing the complaint, and from the judgment entered thereon.

The principal question presented by the appeal is whether the notice of intention to sue in the claim filed with the comptroller by the plain-tiff substantially complied with the requirements of chapter 572 of the Laws of 1886. This statute provides that no action for damages for personal injuries shall be maintained against any city having a popula-tion of 50,000 inhabitants and over, by reason of the negligence of any officer or agent of the city, "unless notice of the intention to commence such action and of the time and place at which the injuries were receiv-ed shall have been filed with the counsel to the corporation or other proper law officer thereof, within six months after such cause of action shall have accrued." The fact is undisputed that the plaintiff's notice was filed within the required time and properly designated the place at which the injuries were received; but it did not state the correct time the accident occurred. It stated that the accident occurred on August 20th, when in fact the proof showed it occurred August 28th. The notice of claim and intention to sue was served upon the comptroller and corporation counsel on October 8, 1912, and on November 6th fol-lowing, pursuant to a notice from the corporation counsel, the plaintiff was examined by him, and then the correct date on which the accident occurred appeared.

Was the jury, therefore, under the facts stated, justified in finding that the notice served was a substantial compliance with the statute? I

think it was. The purpose of the statute in requiring the notice to be served, prior to the commencement of an action, is to enable a municipality to make an investigation, to the end that it may determine whether it is a case which should be litigated or compromised. A notice which fully accomplishes this purpose, it seems to me, is sufficient. Sheehy v. City of New York, 160 N. Y. 139, 54 N. E. 749; Walden v. City of Jamestown, 178 N. Y. 213, 70 N. E. 466; Purdy v. City of New York, 193 N. Y. 521, 86 N. E. 560. The notice was sufficient to enable the city to make an investigation, and, had it done so, it would have ascertained that the defect in the sidewalk existed on the 20th of August, and such defect was not remedied until after the 28th of August, when the plaintiff was injured. The examination of the plaintiff, which took place, as already said, on the 6th of November, disclosed the mistake which had been made in the notice served, and I am unable to see how the city could, by any possibility, have been misled to its prejudice by such mistake. The statute, having in view the object sought to be accomplished by it, should receive a reasonable construction. It does not require, as pointed out in Purdy v. City of New York, supra, the time and place to be stated "with literal nicety or exactness." If the notice contains a statement which will enable the municipal authorities to locate the place and ascertain whether an accident occurred, and, if so, when, it is sufficient. A substantial compliance with the statute is all that is required.

In Kleyle v. City of Oswego, 109 App. Div. 330, 95 N. Y. Supp. 879, and Sullivan v. City of Syracuse, 77 Hun, 441, 29 N. Y. Supp. 105, it was held that an error in stating the date of an accident was not fatal, since the mistake could not well have operated to the injury of the defendant. See, also, Walden v. City of Jamestown, supra; Comstock v. Village of Schuylerville, 139 App. Div. 378, 124 N. Y. Supp. 92. Under the facts here presented I am of the opinion that the notice served was a substantial compliance with the statute, and the court, there being no dispute as to the facts, should have so held, and instructed the jury accordingly. This, however, it did not do, but submitted that question to the jury. Its finding indicates that it reached the conclusion there had been a substantial compliance with the statute.

The order and judgment appealed from, therefore, are reversed, and judgment directed on the verdict, with costs to the appellant in this court and in the court below. All concur.