(68 App. Div. 175.)

### QUINN v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. January 17, 1902.)

MUNICIPAL CORPORATIONS—ACTIONS—NOTICE OF CLAIM.

> Laws 1886, c. 572, § 1, providing that no action against a city having 50,000 inhabitants, for personal injuries, shall be maintained, unless commenced within one year after its accrual, or unless notice of intention to sue shall have been filed within six months after accrual, with the corporation counsel, or other proper law officer, was not repealed by implication, as to the city of New York, by the Greater New York charter (section 261), declaring that no action for any cause whatever, shall be maintained against such city unless it is alleged in the complaint that at least 30 days have elapsed since the claim on which the action is founded was presented to the city's comptroller, as such charter provision does not apply to claims arising ex delicto.
>
> Woodward, J., dissenting.

Appeal from trial term, Queens county.

Action by Peter Quinn against the city of New York. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

William J. Carr, for appellant.

John J. Trapp, for respondent.

GOODRICH, P. J. In this action, brought to recover damages·
for personal injuries, the plaintiff recovered a judgment, from which
the city appeals on the ground that there was no compliance with
chapter 572 of the Laws of 1886, section 1 of which reads as follows:

"No action against the mayor, aldermen and commonalty of any city in·
this state, having fifty thousand inhabitants or over, for damages for per-
sonal injuries alleged to have been sustained by reason of the negligence·
of such mayor, aldermen and commonalty, or of any department, board,
officer, agent or employee of said corporation, shall be maintained, unless the·
same shall be commenced within one year after the cause of action therefor
shall have accrued, nor unless notice of the intention to commence such ac-
tion and of the time and place at which the injuries were received shall
have been filed with the counsel to the corporation or other proper law officer·
thereof within six months after such cause of action shall have accrued."

The plaintiff alleged in his complaint that he—

"Duly filed in the office of the comptroller of the city of New York a claim
for $1,000 damages for personal injuries sustained as aforesaid, and a de-
mand was at said time and in said notice duly made upon the comptroller·
aforesaid for the payment to the plaintiff of said sum of $1,000; that thirty
days have elapsed since the filing of said notice and demand; and that the·
defendant refused to pay to plaintiff the amount demanded in said notice."

The allegation was not denied in the answer, and the plaintiff
contends that this notice was sufficient, under section 261 of the·
Greater New York charter, which reads as follows:

"No action or special proceeding, for any cause whatever, shall be pros-
ecuted or maintained against the city of New York, unless it shall appear by
and as an allegation in the complaint or necessary moving papers that at
least thirty days have elapsed since the demand, claim or claims upon which
such action or special proceeding is founded were presented to the comp-
troller of said city for adjustment, and that he has neglected or refused to·
make an adjustment or payment thereof for thirty days after such present-
ment. If the plaintiff recovers judgment in his action or special proceeding
he shall recover full taxable costs without regard to the amount of the judg-
ment."

The first question raised is whether section 261 of the charter
repeals by implication the act of 1886, so far as it relates to the
city of New York. It is elementary that repeals by implication
are not favored. Section 1609 of the Greater New York charter
provides that the mere omission from the act of any previous acts,
or the provisions thereof relating to either of the municipal cor-
porations thereby united or consolidated, shall not be held to be a
repeal thereof. In Merz v. City of Brooklyn (City Ct. Brook.) 11
N. Y. Supp. 778, affirmed without opinion in 128 N. Y. 617, 28 N.
E. 253, it was held that chapter 563 of the Laws of 1886 was not
repealed by chapter 572 of the same year, because the first act
did not apply to actions for torts. Chapter 563 provided that "no
action or special proceeding shall be prosecuted or maintained
against the city of Brooklyn" unless the claim upon which the ac-
tion was founded should have been presented to the comptroller
of the city for adjustment. So, also, in Harrigan v. City of Brook-
lyn, 119 N. Y. 156, 23 N. E. 741, the court held that the provision
of the charter of the city (section 30, tit. 22, c. 583, Laws 1888),
which read, "No action or special proceeding," did not apply to
claims arising ex delicto. Section 261 of the charter contains some·

additional words to those used in chapter 563, Laws 1886, and reads, "No action or special proceeding, for any cause whatever, shall be prosecuted or maintained against the city of New York, unless," etc. If it were not for the additional words, "for any cause whatever," we should have no difficulty in considering the decision in Harrigan v. City of Brooklyn, supra, and Merz v. City of Brooklyn, supra, as authority for holding that section 261 did not by implication repeal the act of 1886 so far as it relates to the city of New York. The question is whether the words in section 261 of the charter, "for any cause whatever," add anything to the meaning of the words "no action or special proceeding," contained in chapter 563, Laws 1886. It is difficult to see how more comprehensive words could be used than "no action or special proceeding." The words "for any cause whatever" seem to be used tautologically. They do not appear to add anything to, or to detract anything from, the comprehensiveness of the words used in chapter 563. Consequently we must hold, in accordance with the cases cited, that section 261 does not apply to actions of tort or claims arising ex delicto. The two sections are not only consonant, but were evidently intended to meet different conditions. As section 261 does not relate to actions ex delicto or in tort, it must relate to actions based on contract. It seems to have been the intention of the legislature that such claims against the city should be subjected to the scrutiny of the comptroller, as head of the financial department, and passed upon by him. The section does not attempt to repeal the general statute of limitations, by requiring the filing of the claim within any specific period, other than that it must be presented to him 30 days before the commencement of an action. On the contrary, chapter 572, Laws 1886, reduces the six-year limitation of the time for commencing against the city to recover damages for a personal injury to one year, and requires the filing of a notice of intention to commence the action with the law officer of the corporation within six months, after the cause of action shall have accrued. The reason of the difference is not far to seek. Experience teaches that in actions for personal injuries it is of consequence that the city should have opportunity to investigate attendant facts which are not likely to be within the knowledge of any municipal officer, while in actions on contract the liability of the city is usually based on contracts made with some officer, of which there is some written agreement, record, document, or public act. This affords a sufficient reason for holding that the two sections are concurrent and consistent, and that chapter 572 was not repealed by implication by the passage of the charter provision (section 261). We are therefore forced to the conclusion that the cases above cited require a reversal of the judgment appealed from.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur, except WOODWARD, J., who dissents.