PATTERSON, P. J., INGRAHAM, CLARKE and SCOTT, JJ., concurred.

Order reversed and writ dismissed.   Settle order on notice.

---

MARTIN BERNREITHER, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

First Department, January 10, 1908.

*Negligence — municipal corporation — fall on icy sidewalk — failure to file notice of intention to sue — conditions precedent — notice of claim — when cause of action accrues — appeal — questions raised.*

When a defendant appeals from a judgment against it, but not from the order denying its motion for a new trial, the Appellate Division is confined to a consideration of errors of law.

The complaint in an action against the city of New York for injuries received by falling upon an icy sidewalk should be dismissed when it is not alleged and proved that a notice of intention to sue was served upon the corporation counsel "within six months after such cause of action  *  *  *  *  *accrued,"* as required by chapter 572 of the Laws of 1886 which applies to cities of over 50,000 inhabitants.

The filing of this notice is independent of and in addition to the notice of claim required by section 261 of the charter to be filed with the city comptroller and serves an entirely different purpose; but the service of *both* notices is a condition precedent to action.

The presentation of the claim to the comptroller of said city for adjustment, as required by section 261 of the charter, does not create the cause of action, but affects the remedy only, nor is it in the nature of a statute of limitations.

Hence, a contention that such action did not *accrue* until the expiration of thirty days from the filing of the claim with the city comptroller, and that the plaintiff had six months from that time within which to file a notice of intention to sue (Laws of 1886, chap. 572) is untenable.   The cause of action accrued and was complete when the plaintiff fell and was injured.

The cases which have allowed extra time to infants, administrators and persons under disabilities, are not applicable where no such disability exists.

APPEAL by the defendant, The City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the

office of the clerk of the county of New York on the 16th day of July, 1907, upon the verdict of a jury for $1,250, rendered after a trial at the New York Trial Term.

*Theodore Connoly* [*Royal E. T. Riggs* with him on the brief] and *Francis K. Pendleton, Corporation Counsel,* for the appellant.

*Andrew C. Morgan,* for the respondent.

CLARKE, J.:

The plaintiff fell upon an icy sidewalk and was injured. Alleging that the condition of the sidewalk was due to the negligence of the city in maintaining a leaking hydrant, he has recovered a judgment for his damages. The city appeals from the judgment, but not from the order denying its motion for a new trial. We are, therefore, confined to a consideration of the alleged errors of law.

The accident occurred on March 5, 1904. On September 2, 1904, there was served upon the comptroller a verified claim, describing the time, place, cause and consequences of the accident, and concluding, " Wherefore, your claimant prays that the said City of New York audit, adjust and allow said claim for the sum of $2,000 damages hereby presented."

This notice of claim conforms to the provisions of and was served in compliance with section 261 of the Revised Charter (Laws of 1901, chap. 466), which provides that " No action or special proceeding for any cause whatever shall be prosecuted or maintained against The City of New York unless it shall appear by and as an allegation in the complaint or necessary moving papers that at least thirty days have elapsed since the demand, claim or claims upon which such action or special proceeding is founded were presented to the comptroller of said city for adjustment and that he has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment."

This provision is not confined to any class of claims, but embraces all. There is no limitation put upon the time of filing. It is not in any sense a statute of limitations. It does not create a cause of action. The presentment of the demand presupposes a legal claim. Its object is to give the city authorities time to investigate and, if

the claim is good, pay without suit. It is part of the procedure which the Legislature has provided shall be taken in enforcing claims against the city. It is a condition precedent to the right to sue. It is, therefore, necessary to allege and prove the demand and the neglect or refusal to adjust or pay, and the expiration of the thirty days. Similar provisions have been inserted in former charters of the city of New York (Laws of 1860, chap. 379, § 2; Laws of 1873, chap. 335, § 105; Consol. Act [Laws of 1882, chap. 410], § 1104, as amd. by Laws of 1896, chap. 887; Greater N. Y. charter [Laws of 1897, chap. 378], § 261), and in those of many other municipalities of the State. Section 1 of chapter 572 of the Laws of 1886 provides that "no action against the mayor, aldermen and commonalty of any city in this State, having fifty thousand inhabitants or over, for damages for personal injuries, alleged to have been sustained by reason of the negligence of such mayor, aldermen and commonalty, or of any department, board, officer, agent or employee of said corporation, shall be maintained, unless the same shall be commenced within one year after the cause of action therefor shall have accrued, nor unless notice of the intention to commence such action, and of the time and place at which the injuries were received, shall have been filed with the counsel to the corporation, or other proper law officer thereof, within six months after such cause of action shall have accrued." This statute is a statute of limitations, in that it limits the time within which an action for negligence can be maintained against a city to one year after the cause of action therefor shall have accrued. It also requires as a condition precedent that notice of intention to sue shall have been filed with the law officer of the city within six months after such cause of action shall have accrued. Therefore, an additional condition precedent was created. Under the charter provision a claim had to be filed with the fiscal officer, the comptroller, and thirty days allowed to lapse for adjustment or payment before suit. Under this act a notice of intention to sue was required to be filed with the law officer, and, within six months after the cause of action shall have accrued. Compliance with each provision had to be alleged and proved. They were independent provisions designed to conserve different objects. In *Curry* v. *City of Buffalo* (57 Hun, 25), the General Term, in considering a similar provision in the charter of Buffalo and the

act of 1886, said: "The object of the charter was to enable the city through its common council to have forty days to examine and determine whether a claim should be audited before an action could be brought. * * * But the act of 1886 required the notice specified in it to be delivered to the corporation counsel or the law officer of the city. The provisions of the charter in no way conflict with the act of 1886. * * * The provision of the charter was to prevent the bringing of an action until the common council had forty days time to examine it. The act of 1886 makes it a condition precedent that notice that an action will be brought must be served on the corporation counsel within six months, and the action must be brought within a year after the accident. * * * Both of these requisites must be complied with to enable the injured party to maintain the action."

When that case reached the Court of Appeals (135 N. Y. 366), that court expressly approved of the opinion below.

Chief Judge EARL said : " The provisions of that section (of the Buffalo charter) are not inconsistent with the provisions of section 1, chapter 572 of the Laws of 1886, and both sections can stand together and have full operation. * * * The section is impera- tive. The action cannot be maintained unless notice of the inten- tion to commence it, and of the time and place of the injury ' shall have been filed with the counsel to the corporation,' and a failure to file the notice furnishes a defense to the action. The filing of the notice is a condition precedent to the maintenance of the action. * * * The whole matter of the maintenance of this class of actions was within the control of the Legislature. It could refuse a right of action against municipalities for such injuries, and it could impose any conditions precedent to the maintenance of such actions. It could require notice of the intention to commence them to be served both upon the common council and upon the corporation counsel, and an act requiring the one notice would not be inconsist- ent with an act requiring the other. Here the Legislature required the presentation of the claim to the common council for its action thereon, and the notice to the corporation counsel for his informa- tion and to govern and influence his official conduct. These actions against cities are numerous, and the Legislature seems to have been solicitous to protect them so far as possible against unjust or exces-

sive claims, and also against the improvident or collusive allowance of such claims by municipal officers."

In *MacMullen* v. *City of Middletown* (187 N. Y. 37), Judge GRAY quoted from the *Curry* case and said: " This statement of the rule was deliberate and, in my opinion, it is correct, when the nature and functions of municipal corporations are considered."

It follows, therefore, in the case at bar that in addition to presenting his claim to the comptroller, the plaintiff was required to file a notice of intention to sue with the corporation counsel within six months after his cause of action had accrued. The accident occurred on March fifth. He presented his claim to the comptroller on September second. That was within six months of the accident. But that claim contained no notice of intention to sue. The comptroller forwarded the claim to the corporation counsel and it was received by that officer on September seventh, two days after the expiration of the six months. The respondent does not contend that to have been a compliance with the statute. On December 28, 1904, nine months and twenty-three days after the happening of the accident, he filed a proper notice of intention to sue with the corporation counsel. His claim is that his cause of action did not accrue until thirty days after filing his claim with the comptroller; that as he filed his claim with that officer on September second his cause of action did not accrue until October second; that he had six months from that date to file his notice of intention to sue, and that as December twenty-eighth was only two months and twenty-six days thereafter, although nine months and twenty-three days after the accident, he was in time. That is, he could delay filing his claim for ten months and twenty-nine days, serve his notice of intention to sue and bring his action on the day before the year of limitation expired and yet be within the statute as having served his notice of intention to sue within " six months after such cause of action shall have accrued."

In a snow and ice case such a construction would cause the notice to be of inappreciable assistance to the city in preparing its defense to the action. We cannot agree with this claim. The cause of action accrued when plaintiff slipped and fell on the icy pavement. His cause of action was the negligence of the city in permitting the pavement to be and remain in that condition. The injuries were

then received.; the basis of his right to damages then came into existence; his cause of action then accrued.

In *Taylor* v. *Mayor, etc., of New York* (82 N. Y. 10), in considering the effect of a similar provision as to presentation of claims to the comptroller, it was held that the failure to present a claim to the comptroller before suit affects the remedy only; the presentation does not in any way determine the existence of or create the debt. Folger, Ch. J., said : " There is a cause of action, and there is a remedy by action. They are different rights. * * * A rule of law or a statute may affect the remedy without affecting the cause of action. * * * The rule that one under disability may not bring an action affects his remedy, but does not touch the cause of action. * * * So it must be when it is a statute that suspends the remedy by action, but does not touch the cause of action."

In *Dickinson* v. *Mayor, etc., of N. Y.* (92 N. Y. 584) it was urged that the right of action did not accrue until the demand upon the comptroller was made, and that, therefore, the Statute of Limitations did not commence to run until such demand. That was a similar action to the case at bar, to recover for injuries sustained by a fall on an icy pavement. The court in deciding against the contention, said : " The intent and purpose of section 105 of the charter* was mainly to enable the comptroller to settle claims against the city and thereby save unnecessary costs and expenses in the litigation which must ensue. We think that it was not intended to indefinitely extend the time in all cases within which an action might be brought against the city and thus put in the power of the claimant to delay without any limitation whatever, and thereby in some instances to deprive the corporation of the benefit of testimony which otherwise might have been adduced in defense against an action brought. The statute was for the benefit of the city and not for the benefit of the claimant. * * * In the case at bar the cause of action arose upon the principles of the common law *and was perfect and complete* when the injury occurred to the plaintiff by reason of the negligence of the defendant."

" The filing of the notice was required by the statute in the interest and for the benefit of the defendant, and while made a condition of the right to maintain the action, the intent was to furnish

---

* Laws of 1873, chap. 335, § 105.— [Rep.

to the corporation a defense by way of bar to the action when not complied with. The provision affected not the cause of action, but the remedy, by regulating the procedure." ·(*Missano* v. *Mayor,* 160 N. Y. 133.)

"·The claim that the service of a proper notice under the statute constituted a part of the plaintiff's cause of action is not quite correct. The absence or presence of such a notice relates to and affects the ·procedure rather than the cause of action. It relates to the remedy and not to the right." (*Sheehy* v. *City of New York,* 160 N. Y. 143.) The ·respondent relies upon *Werner* v. *City of Rochester* (77 Hun, 33). In that case the learned justice who wrote the opinion held that the cause of ·action accrued forty days after the presentation of the claim to the common council. To do this he was forced to give ·a different meaning to the same words used in the same statute.* He held that the year within which the action must be brought must be computed from the happening of the accident, but that the six months within which the notice of intention to sue must be served must be computed from the expiration of forty days after ·filing the claim with the common council, although the statute in each instance was set running " after such cause of action shall have accrued." One of his associates concurred in the opinion and the other two in the result only. When the case reached the Court of Appeals (149 N. Y. 563) that court declined to pass upon that question ·because not raised by any proper exception in the record.

We are not bound by that decision and with the greatest respect to the ability and learning of the writer of that opinion we think it not in harmony with the trend of the cases upon this subject.

Respondent cites *Crapo* v. *City of Syracuse* (183 N. Y. 395). In that case a bare majority of the court, over a most vigorous dissent, held that in a death case the notice to sue need not be served until six months after the appointment of an administrator. The decision was specifically put upon the ground that as an action to recover damages for death caused by negligence was purely statutory and was given expressly to the executor or administrator of a decedent, such cause of action did not accrue until there was an executor or administrator in existence capable of bringing and maintaining the

---

* See Laws of 1880, chap. 14, § 80, as amd. by Laws of 1890, chap. 561.—[REP.

action. It has no application here. So in *McKnight* v. *City of New York* (186 N. Y. 35) where an action was brought to recover damages for an injury to an infant under the age of fourteen years, it was held that the running of the period of limitation of one year provided in chapter 572 of the Laws of 1886 was suspended by reason of the exception contained in section 396 of the Code of Civil Procedure. That case does not here apply. In the *Missano* (160 N. Y. 123) and *Sheehy Cases* (Id. 139) there was an attempted compliance with the statute and notice was actually received by the corporation counsel within the six months.

In the case at bar the notice to the comptroller contained no statement of intention to sue and was not filed with the corporation counsel until after the expiration of six months.

We are, therefore, of the opinion that as this plaintiff was not an administrator nor an infant nor suffering from any other disability, his cause of action accrued when he received the injury complained of and he was, therefore, within the express conditions and limitations of the statute governing his right to maintain the action, and as his notice of intention to sue was not filed within the time limited that the complaint should have been dismissed.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

PATTERSON, P. J., INGRAHAM, LAUGHLIN and SCOTT, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.