MOREN v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. July 31, 1914.)

1. MUNICIPAL CORPORATIONS (§ 741*)—ACTIONS—PRESENTATION OF CLAIM.

City Charter of Greater New York (Laws 1901, c. 466), § 261, providing that no action or special proceeding shall be maintained against the city of New York until after 30 days have elapsed since the demand or claim shall have been presented to the comptroller for adjustment and he shall have neglected or refused adjustment or payment, applies to tort actions against the city to recover damages for personal injuries.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1562; Dec. Dig. § 741.*]

2. MUNICIPAL CORPORATIONS (§ 741*)—ACTIONS—CONDITIONS.

City Charter of Greater New York (Laws 1901, c. 466) § 149, provides that the comptroller may require any person presenting a claim to be sworn and answer orally any facts as to the justness of such claim. Section 261 provides that all claims shall be presented to the comptroller, and that no action thereon shall be maintained until the comptroller shall have neglected for 30 days to pay or adjust the claim. Held, that the taking of the oral examination is not a condition precedent to a claim-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ant's right to sue the city, and where the comptroller did not attempt to examine the claimant until the twenty-ninth day after presentation of the claim, and the examination was postponed, action might be instituted before examination.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1562; Dec. Dig. § 741.*]

Action by Jennie S. Moren against the City of New York. At the close of the evidence plaintiff's complaint was dismissed and her exceptions were ordered heard in the Appellate Division in the first instance. Exceptions sustained and new trial granted.

Argued before BURR, THOMAS, CARR, RICH, and STAPLE-TON, JJ.

William J. McArthur, of New York City, for plaintiff.

Frank Julian Price, of Brooklyn (James D. Bell, of Brooklyn, on the brief), for defendant.

CARR, J. [1] When this action came on for trial, a motion was made at the close of the plaintiff's proof to dismiss the complaint on the ground that the action was brought prematurely. An order was made at the Trial Term, dismissing the complaint, but directing the plaintiff's exceptions to be heard before this court in the first instance, and suspending the entry of judgment in the meantime. The action was brought to recover damages for a personal injury alleged to have been sustained by the plaintiff through the negligence of the defendant in failing to remove ice and snow from one of its sidewalks. The cause of action is alleged to have arisen on the 31st day of January, 1912. On the 25th of April of that year, the plaintiff served upon the comptroller of the city of New York written notice of her claim against the city, and demanded an adjustment thereof. On May 1st following, the comptroller served upon the plaintiff a written notice, requiring her to attend at the office of the corporation counsel in the borough of Manhattan on the 24th of May at 2 o'clock in the afternoon, to be examined orally in relation to the claim presented by her. Her attorney called upon the assistant corporation counsel, who was designated to take the examination, and arranged for an adjournment thereof, on the ground that the plaintiff was ill. An adjournment was had, but no definite date was fixed for the taking of the examination. On May 31st, the summons and complaint in this action was served upon the city of New York, but no examination of the plaintiff was had under section 149 of the Greater New York Charter before the action was begun. The defendant claimed that, under these circumstances, the plaintiff had not the right to begin her action until she had submitted herself to the oral examination by the comptroller. Section 149 of the Greater New York Charter provides in part as follows:

"The comptroller may require any person presenting for settlement an account or claim for any case whatever, against the corporation, to be sworn before him touching such account or claim, and when so sworn, to answer orally as to any facts relative to the justness of such account or claim."

Section 261 of the same act provides in part as follows:

"No action or special proceeding, for any cause whatever, shall be prosecuted or maintained against the city of New York, unless it shall appear by and as an allegation in the complaint or necessary moving papers that at least thirty days have elapsed since the demand, claim or claims upon which such action or special proceeding is founded were presented to the comptroller of said city for adjustment, and that he has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment."

The complaint in this action contains the allegation required by section 261, as aforesaid, but such allegation is put in issue by the answer of the defendant. This is a rather interesting case, with not much authority in point to guide us in the solution of the question presented on the appeal. Much of the discussion in the briefs of the respective counsel arises upon the question whether section 261 of the Greater New York Charter, as aforesaid, applies to an action to recover damages for a personal injury. The plaintiff contends that that section does not apply to such an action, and rests her contention largely upon an expression of opinion of this court in Quinn v. City of New York, 68 App. Div. 175, 74 N. Y. Supp. 89. The real question involved in the last-cited authority was whether chapter 572 of the Laws of 1886 was superseded by section 261 of the Greater New York Charter. It was held that the act of 1886 was not superseded by section 261 as aforesaid, and the expression of opinion as to the application of section 261 to tort actions was unnecessary to the decision then made. I happened to be the counsel for the city in the Quinn Case, and made no contention that section 261 of the Greater New York Charter did not apply to a tort action, as will appear from the record on appeal. In Pulitzer v. City of New York, 48 App. Div. 6, 62 N. Y. Supp. 587, it was held that section 261, as aforesaid, did apply to an action in tort, and in Bernreither v. City of New York, 123 App. Div. 291, 107 N. Y. Supp. 1006, it was held, likewise, that both the act of 1886, as aforesaid, and section 261 of the charter applied to actions against the city of New York to recover damages for personal injuries.

[2] When this action was begun, the 30 days given to the comptroller by section 261 of the charter, as aforesaid, for the purpose of adjustment of this claim had expired. He had not adjusted the claim at the time the summons was served. Did the postponement of the oral examination of the plaintiff necessarily extend the time in which the comptroller had the right to examine into the plaintiff's claim before she was entitled to bring an action thereon? It would seem that the necessary meaning of section 261 of the charter was that the comptroller should have the full 30 days in which to settle or adjust a claim before an action could be brought thereon, but this section makes no reference to an oral examination by the comptroller of the claimant. The power to require such an examination is to be found in section 149 of the charter, as aforesaid. That section, however, contains no provision that a claimant against the city may not bring an action on his claim until after he has submitted himself to the oral examination therein provided for. If this action has been brought prematurely, then the plaintiff is out of court entirely, because the short period of limitation provided by the act of 1886 has run completely, and any new

action brought by her will be met by that statute of limitations. This case, it seems to me, is very much like that of Jones v. City of Albany, 151 N. Y. 223, 45 N. E. 557. There the inquiry was whether section 45 of the then charter of the city of Albany suspended the right of the plaintiff to bring an action against the said city to recover damages for a personal injury until the lapse of a period of three months after the presentation of a claim therefor to the common council of that city. It was there stated as follows:

"It is the general rule that an intention to change the rule of the common law will not be presumed from doubtful statutory provisions; the presumption is that no such change is intended, unless the statute is explicit and clear in that direction."

It will be noticed that in this case at bar the time set by the comptroller for the examination of the plaintiff concerning the claim which she had presented against the city was fixed for the 29th day after the presentation of the claim, thus leaving to the comptroller but one day to settle or adjust the claim, if he so determined, before the plaintiff could begin her action. As it was, the full 30 days had gone by before the action was begun. If the taking of the oral examination under the circumstances above outlined was a condition precedent to the plaintiff's right to sue, then her action was brought prematurely. But it is well-settled law that conditions are not to be favored, and should not be implied, unless the intent to create them is plain. Arnold v. Village of North Tarrytown, 137 App. Div. 68, 122 N. Y. Supp. 92; Id., 203 N. Y. 536, 96 N. E. 1109; Jones v. City of Albany, supra. The question here involved is not free from doubt, but I think we should not be justified in holding, under the circumstances of this case, that the plaintiff's action was brought prematurely.

The plaintiff's exceptions should be sustained, and a new trial granted, costs to abide the event. All concur.