TOLCHINSKY v. CITY OF NEW YORK. (No. 6372.)

(Supreme Court, Appellate Division, First Department. November 20, 1914.)

1. APPEAL AND ERROR (§ 927*)—REVIEW—EVIDENCE.
   Where a suit was dismissed, the appellate court, in reviewing the order of dismissal, must consider the evidence in the light most favorable to plaintiff.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2912, 2917, 3748, 3758, 4024; Dec. Dig. § 927.*]

2. MUNICIPAL CORPORATIONS (§ 706*)—HIGHWAYS—INJURIES—EVIDENCE—JURY QUESTION.
   In an action against a city for the death of a child, run down by a city ash cart, the question whether the child's mother was guilty of contributory negligence *held* for the jury.
   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706.*]

3. MUNICIPAL CORPORATIONS (§ 1020*)—ACTIONS—EXAMINATION.
   New York City Charter (Laws 1901, c. 466) § 261, provides that no action shall be maintained against the city on any claim until the comptroller shall have refused or neglected for more than 30 days after submission to adjust it or make payment. Section 149 authorizes the comptroller to examine a claimant upon all matters connected with his claim. Before the expiration of 30 days after the presentation of his claim, the comptroller ordered the attendance of plaintiff for examination. On the date set for examination, plaintiff's counsel consented to a postponement, agreeing that postponement should not affect the comptroller's right. *Held* that, where plaintiff did not submit to examination at the time fixed, he could not maintain an action on the claim.
   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 2192; Dec. Dig. § 1020.*]

Appeal from Trial Term, New York County.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Isidor Tolchinsky, as administrator of the estate of Jennie Tolchinsky, deceased, against the City of New York. From an order denying a motion to set aside a dismissal, plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Moses Feltenstein, of New York City, for appellant.

Charles J. Nehrbas, of New York City, for respondent.

SCOTT, J. The action is for damages for the death of a child three years old. The plaintiff, the father of the infant, is what is known as a push cart peddler. His cart was one of a long line of similar carts standing in the roadway, close to the curb, on the southerly side of Hester street, between Ludlow and Orchard streets, in the city of New York. It did not appear that he had received a municipal license as such peddler. At the time of the accident plaintiff's wife was attending to the business, standing in the roadway facing the sidewalk and close up against the push cart. She held the deceased child by the hand. An ash cart belonging to the defendant and driven by one its servants came along the street.

[1] Upon the evidence, which must be taken most favorably to plaintiff, the jury would have been justified in finding that, just before the ash cart reached the spot where deceased and her mother stood, the driver turned his head to observe some disturbance in the street, and that while his attention was thus distracted the horse swerved in towards the line of push carts and struck the mother, who let go the hand of deceased. The child fell, and was run over by the cart. The case was submitted to the jury, which found itself unable to agree upon a verdict, whereupon the court discharged them and dismissed the complaint.

[2] The dismissal is sought to be sustained on two grounds: First, that the mother was guilty of contributory negligence, as matter of law, and that her negligence is attributable to the child; and, second, that the plaintiff made out no cause of action, because he failed to prove that the comptroller had neglected or refused to settle the claim. As to the question of the contributory negligence of the child's mother, we think that a question of fact was presented. Collender v. Reardon, 138 App. Div. 738, 123 N. Y. Supp. 587.

[3] The question whether or not the comptroller refused to "make an adjustment or payment" of the claim raises a question which has not hitherto been decided on facts similar to those in the case. The complaint alleges that:

"Although 30 days have elapsed since the giving of such notice [of claim] the defendant has failed and neglected to adjust such claim."

This allegation was denied by the amended answer, although it was admitted that a notice of claim had been filed, and that the claim had not been paid. Two provisions of the charter of the city of New York are involved. Section 261 provides as follows:

"No action or special proceeding, for any cause whatever, shall be prosecuted or maintained against the city of New York, unless it shall appear by

and as an allegation in the complaint or necessary moving papers that at least thirty days have elapsed since the demand, claim or claims upon which such action or special proceeding is founded were presented to the comptroller of said city for adjustment, and that he has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment."

It is settled that this section applies to claims for damages arising from negligence. Bernreither v. City of New York, 123 App. Div. 291, 107 N. Y. Supp. 1006, affirmed 196 N. Y. 506, 89 N. E. 1096.

In section 149 it is provided as follows:

"The comptroller may require any person presenting for settlement an account or claim for any cause whatever, against the corporation, to be sworn before him [or before either of the deputy comptrollers], touching such account or claim, and when so sworn, to answer orally as to any facts relative to the justness of such account or claim."

It has been held that the purpose of the enactment of the passage quoted from section 149 was to vest in the comptroller the right and power to compel the attendance of and to examine a claimant upon such matters connected with or pertinent to the justness of his claim so "as to enable such official to intelligently determine whether to adjust, settle or pay it." Consequently, in a case wherein the comptroller had rejected a claim without calling upon the claimant to be examined in relation thereto, and an action had been begun, it was held that the comptroller had lost the right to an examination under this section. Matter of Grout, 105 App. Div. 98, 93 N. Y. Supp. 711.

In the present case the accident happened on July 4, 1911. A notice of claim was filed with the comptroller on or about October 14, 1911. This notice was signed in the name of plaintiff "by" the firm of attorneys who have represented him throughout. On October 25, 1911, the comptroller caused to be served upon said attorneys a notice, addressed to the plaintiff, requiring him to appear for examination on November 15, 1911. On the last-named date the attorneys appeared and together with the corporation counsel signed a stipulation for the adjournment of the examination in the following words:

"It is hereby stipulated that the examination of claimant herein be adjourned to the 28th day of November, 1911, at 1:30 o'clock p. m., with the distinct understanding that such adjournment is without prejudice to the comptroller's right to settle or adjust the claim within the same period of time after such examination is held as the comptroller had at the date fixed originally for such examination, and that no suit may be brought until after the expiration of such period of time."

The claimant never presented himself for examination on the adjourned date, or at any other time, and he was never examined. On July 13, 1912, this action was begun. It will be observed that under section 261 of the charter it is necessary, in order to maintain an action against the city upon such a claim as the present, that it must appear by and as an allegation of the complaint that the comptroller "has neglected or refused to make an adjustment or payment" of the claim within 30 days after its presentation. Whether or not he so neglected or refused becomes, therefore, an issuable fact, and it was put in issue in this action.

It is clear that sections 149 and 261 of the charter should be read together. So read, it is apparent that it was the intention of the Legis-

lature that the comptroller should have, in addition to the power to adjust and settle claims, and as incident thereto, the right to examine the claimant to ascertain whether or not an adjustment or settlement ought to be made. Of course, he need not seek such an examination; but, if he does seek it, and takes timely action under the charter to secure it, the claimant may not in our opinion nullify the charter provisions and deprive the comptroller of an examination. The words "neglected or refused to make an adjustment or payment," as used in section 261, mean something more than a mere failure to pay. They imply, when read in conjunction with section 149, a positive determination by the comptroller, after exhausting such means of information respecting the justness of the claim as he deems necessary and as the charter permits, that he will not pay or adjust the claim. This was recognized by the plaintiff's attorneys when they stipulated for an adjournment of the examination, and that such adjournment should be—

"without prejudice to the comptroller's right to settle or adjust the claim within the same period of time after such examination be held as the comptroller had at the date fixed originally for such examination, and that no suit may be brought until after the expiration of such period of time."

The provisions of section 261 of the charter above quoted would soon become a dead letter if every claimant could with impunity refuse to be examined, and yet treat the comptroller's failure to pay, presumably due to the lack of information as to the merits of the claim, as a neglect or refusal to make an adjustment or payment. The comptroller is entitled to a fair opportunity to decide whether he will adjust or pay a claim or subject the city to a lawsuit, and to enable him to so decide the law has provided for an examination of the claimant. If such claimant, by a refusal to be examined, prevents the comptroller from reaching an intelligent determination as to whether or not his claim should be adjusted or paid, he cannot be heard to say that the comptroller has "neglected or refused" so to adjust or pay it.

Moren v. City of New York, 163 App. Div. 561, 148 N. Y. Supp. 1010, presented a somewhat similar case to the present, but with this difference: That the date fixed by the comptroller for the examination of the claimant was on the 29th day after the claim was filed, and the examination was then adjourned by consent without date, and, so far as appears from the report, without such a stipulation as was signed by the parties in the present case. Such an adjournment might well be held to be equivalent to a waiver by the comptroller of the right to examine, and yet even in that case the court admitted that under its circumstances, much more favorable to the claimant than those present here, the question was not free from doubt. We do not consider that that decision is inconsistent with the one at which we have arrived in the present case.

The judgment and order appealed from must be affirmed, with costs. All concur.