EDWARD V. McGOVERN, Plaintiff, *v.* CITY OF NEW YORK, Defendant.*

Supreme Court, New York County, November 21, 1935.

* Affd., 247 App. Div. 775; 272 N. Y. ——.

*Jacobson, O'Neill & Baum [Isaac N. Jacobson of counsel], for the plaintiff.*

*Paul Windels, Corporation Counsel [Alvin McKinley Sylvester and Nelson Rosenbaum of counsel], for the defendant.*

ROSENMAN, J. Motion for summary judgment is granted. While this conclusion works a severe hardship upon the plaintiff, I am constrained to it by the provisions of section 261 of the Greater New York Charter and the judicial authorities.

Section 261 was intended and must be construed to mean that no action or special proceeding shall be commenced until thirty days after claim has been made. The authorities are uniform to the effect that the purpose of this provision is to permit the city to investigate the validity of the claim and determine whether it desires to pay or settle it without litigation. (*Bernreither* v. *City of New York*, 123 App. Div. 291; affd., 196 N. Y. 506; *Tolchinsky* v. *City of New York*, 164 App. Div. 636; affd., 220 N. Y. 633; *Moren* v. *City of New York*, 163 App. Div. 561; *Smith* v. *City of New York*, 88 id. 606.)

The contention of the plaintiff that the thirty days must have elapsed before the complaint rather than before the summons cannot be sustained. It would lead to the conclusion that the claim or demand may be presented even after the summons has been served, if only by the time of the service of the complaint the plaintiff makes an allegation that thirty days have elapsed since the serving of the claim. Such construction might lead to extreme results. A summons and complaint might be served before the demand was made. The demand might thereafter be made, and by voluntary extensions of time to serve an amended complaint, or by leave of court the complaint might be amended so that it might then truthfully state that the demand had been served and not complied with. Such result or similar results would remove entirely the protection afforded to the city by this charter provision.

The appellate authorities seem clear in their holding that non-compliance with the provisions of this section cannot be waived by any act of the corporation counsel, even assuming that the acts of the corporation counsel in this case could be construed to constitute a waiver. (*Merwin* v. *City of Utica*, 172 App. Div. 51; *Purdy* v. *City of New York*, 193 N. Y. 521; *Forsyth* v. *City of Oswego*, 191 id. 441; *Sheehy* v. *City of New York*, 29 App. Div. 263; revd. on other grounds, 160 N. Y. 139.)

The plaintiff's rights were fixed by his contract with the city, which must be read in conjunction with section 261. The plaintiff

had sufficient notice of the fact that although the contract gave him six months in which to start an action, the demand or claim under section 261 had to be served. It cannot be said that this contract was so unconscionable on the part of the city as to permit the plaintiff to disregard the short Statute of Limitations therein contained.

The plaintiff argues that if instead of six months the contract had limited his time to thirty days, the plaintiff would be barred from a right to commence his action at all. It may be that under such circumstances relief might be afforded by a court of equity. (See *Graf* v. *Hope Building Corp.*, 254 N. Y. 1.) Those circumstances are not here presented.

The result here reached is harsh. If the effect of the statute should be changed, however, the change can be brought about only by the Legislature. Settle order.