JOHN ANGELO, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

City Court of New York, Trial Term, Kings County, April 3, 1944.

*William H. George* for plaintiff.

*Ignatius M. Wilkinson, Corporation Counsel* (*Edmund P. Keating* of counsel), for defendant.

EVANS, J. The notice of claim was served April 9, 1942. The Comptroller promptly scheduled an examination for May 5, 1942. The examination was adjourned by stipulation, to June 5, 1942, at which time plaintiff did not appear, nor was there any further adjournment. The terms of the stipulation required the plaintiff to wait thirty days, after the conclusion of the examination, before bringing suit. The plaintiff waited more than thirty days from the date when he served the notice upon the Comptroller, under section 394a–1.0 of the Administrative Code of the City of New York (L. 1937, ch. 929), but he brought the action before any examination was had and, therefore, within the expiration of the thirty days, after any possible conclusion of the examination. Plaintiff is, therefore, in the position of having violated a stipulation made with the Comptroller in two respects: (1) failing to appear for examination, and (2) bringing the action prematurely with respect to the terms of the stipulation.

The facts here are precisely the same as in *Tolchinsky* v. *City of New York* (164 App. Div. 636, affd. 220 N. Y. 633). That case must be taken to mean, therefore, that the violation of the terms of the stipulation made with the Comptroller is as serious a matter as the violation of the statute itself. (Administrative Code of City of New York, §§ 394a–1.0, 93d–1.0.)

The Comptroller has the right to examine every claimant under section 93d–1.0 of the Administrative Code. There is nothing in the law that compels the Comptroller to conduct such an examination. He may adjourn it, by stipulation from time to time, or he may abandon it.

While the Comptroller is powerless to waive compliance with the Administrative Code (*Merwin* v. *City of Utica,* 172 App. Div. 51) he may waive the effect of his own stipulation. (*Matter of Grout,* 105 App. Div. 98.)

There is some point to the argument that the Appellate Division, which decided the *Tolchinsky case* (*supra*), has recently modified its holding to the extent that a violation of the stipulation with the Comptroller, in some respects, is to be distinguished from a violation of the statute. In the case of *Di Bartolo* v. *City of New York* (267 App. Div. 351), that court held that a violation of the same stipulation as at bar, where the plaintiff was examined, under the stipulation, but brought his action prematurely with respect to the stipulation, was not fatal to the plaintiff's complaint.

At bar and in the *Tolchinsky* case (*supra*) the plaintiff violated the stipulation with the Comptroller in two respects, in that the action was brought within the thirty days specified in the stipulation, and, according to the requirements of the stipulation, he did not appear for examination. In the *Di Bartolo* case (*supra*) the same stipulation was violated in only one respect, in that plaintiff brought his action within the thirty days specified by the stipulation. And yet the Appellate Division held that this violation of the stipulation was of no effect because the City did not plead, as an affirmative defense, the violation of the stipulation. I cannot take that to mean that the mere formality of pleading decided the case, because the evidence of the violation of the stipulation was before the court. It must mean, therefore, that the mere violation of the stipulation, if merely pleaded and proved, would not be important, but what would be important is the prejudice to the City because of the violation of the stipulation. The reasoning that an affirmative defense would have to show not only a violation of the stipulation, but also prejudice to the City, is as applicable to a violation of the stipulation in one respect as in two respects. The *Di Bartolo* case (*supra*) must be taken to mean that the burden is on the City to plead a violation of the stipulation causing prejudice to

the City and to prove that fact on the trial. If that be so, then the failure to appear for examination may not necessarily preju-dice the City, as a matter of law, in all cases. There is a dis-tinction that can be drawn between the violation of a statute and the violation of a stipulation, since the statute does not provide for stipulations extending its effect. Yet, since these stipulations are necessary for the City to conduct its litiga-tion, and have come to be an accepted form of practice, there is much point to the argument that a violation of a stipulation is as serious a matter, in litigation with the City, as a violation of the statute itself. The *Tolchinsky* case (*supra*) follows this principle, but the *Di Bartolo* case (*supra*) puts that principle in serious doubt, if it does not utterly destroy it.

It may be that we are reaching a time when the principles of the *Tolchinsky* case (*supra*) must be re-examined and changed. But that cannot be done by this trial court. The *Tolchinsky* case stands affirmed in the Court of Appeals, and the *Di Bartolo* case, decided by a divided court, has not, as yet, had the benefit of an affirmance by the Court of Appeals.

It is the duty of a trial court, regardless of its own opinion, to follow the law as enunciated by the Court of Appeals, under these circumstances, and not the Appellate Division.

Since this question should be reviewed by the appellate court, I do not think the plaintiff should be put to the burden of print-ing the entire record on appeal, but only so much as is necessary to review the point involved, and judgment should in the mean-time be suspended. I will therefore grant the motion to dis-miss, with an exception to plaintiff. Since the term is neces-sarily extended to include this decision on the motion to dismiss, the plaintiff may, on notice to defendant if he is so advised, submit an application pursuant to section 550 of the Civil Prac-tice Act to have the exception heard in the first instance in the appellate court and to suspend judgment accordingly.